EDWYN N. GUILLIAMS V. STATE.

No. 26,499.  October 21, 1953.

*Dewey C. Cox, Jr.,* Ranger, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction under the so-called habitual criminal statute, Art. 63, P. C., which provides that a third conviction for an ordinary felony carry a punishment of life in the penitentiary.

The instant indictment does not allege that the second prior conviction relied upon was for an offense committed subsequent to the first prior conviction alleged.

The absence of such allegation is fatal to this conviction, for, to invoke the provisions of Art. 63, P. C., it is necessary that each succeeding conviction be subsequent to the previous conviction both in point of time of the commission of the offense and the conviction therefor. Gammill v. State, 135 Tex. Cr. R. 52, 117 S. W. 2d 790; Childress v. State, 134 Tex. Cr. R. 504, 116 S. W. 2d 396; Mullins v. State, 140 Tex. Cr. R. 261, 144 S. W. 2d 565; Square v. State, 142 Tex. Cr. R. 493, 154 S. W. 2d 852; Harrison v. State, 145 Tex. Cr. R. 386, 168 S. W. 2d 243.

The state's attorney before this court confesses that the indictment is insufficient in the particular pointed out.

For the error discussed, the judgment is reversed and the cause is remanded.

Opinion approved by the court.