## JOE H. ARMENDARIZ V. STATE

No. 28,499. October 17, 1956.

*Joseph A. Calamia* and *Dan Y. Garbern,* El Paso, for appellant.

*William E. Clayton,* District Attorney, *Edwin F. Berliner,* First Assistant District Attorney, *Lawrence M. Welsch,* Assistant District Attorney, El Paso, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

This is an appeal from a life sentence imposed under Art. 63 P.C., the jury having found appellant guilty of possessing marihuana and found in their verdict that he had been twice previously convicted of a felony less than capital, as charged in the indictment.

The indictment appears to contain the essential allegations necessary to invoke the provisions of Article 63 P.C., but the state failed to support the essential allegation that the second prior conviction relied upon was for an offense committed subsequent to the first prior conviction alleged.

The first prior conviction alleged was in the United States District Court for the Western District of Texas, El Paso Division, on July 6, 1948.

The second prior conviction was in the 34th Judicial District Court of El Paso County on March 12, 1953, but there is nothing

in the record to show when the offense was committed for which he was convicted on that date. So far as this record shows the burglary may have been committed prior to July 6, 1948.

This court has consistently held that to invoke the provisions of Art. 63 P.C. it is necessary that each succeeding conviction be subsequent both in point of time of the commission of the offense and the conviction therefor. Guilliams v. State, 159 Tex. Cr. R. 81, 261 S.W. 2d 598, and cases cited.

The indictment must so allege and the averments of the indictment must be supported by proof. Arbuckle v. State, 132 Tex. Cr. R. 371, 105 S.W. 2d 219, 221.

The insufficiency of the evidence in the particular mentioned requires that the conviction with life sentence, imposed under Art. 63 P.C., be reversed.

In view of another trial, we express the view that the search of appellant's apartment, under the record before us, appears to have been made by virtue of a search warrant which was admittedly defective and that evidence obtained as a result of said search should have been excluded.

The judgment is reversed and the cause remanded.