ROY WASHINGTON LOUD V. STATE.

No. 29,552. February 12, 1958.
Appellant's Motion to Reinstate Appeal Granted
April 9, 1958.

*Jack C. Morgan,* Kaufman, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the unlawful sale of whiskey in a dry area, with two prior convictions for an offense of like character alleged for enhancement; the punishment, one year in jail and a fine of $400.00.

Trial was had at a term of the county court of Kaufman County which convened on July 15, 1957, and ended on October 19, 1957. Appellant's motion for new trial was overruled on September 28, 1957, at which time he gave notice of appeal.

It appears from the transcript that the recognizance on appeal was entered into October 24, 1957, which was after the term of court at which this cause was tried had expired.

A recognizance entered into after the expiration of the term at which the case was tried is insufficient to confer jurisdiction on this court. Article 830, V.A.C.C.P.; Ellerbe v. State, 161 Texas Cr. Rep. 359, 277 S.W. 2d 791; and Haley v. State, 165 Texas Cr. Rep. 48, 303 S.W. 2d 385.

The appeal is dismissed.

ON MOTION TO REINSTATE APPEAL

WOODLEY, Judge.

Appeal bond having been entered into, the appeal is reinstated.

The information alleged a prior conviction in Cause 6612 on April 13, 1957, for transporting whisky in a dry area, and a conviction in Cause No. 6555 on January 7, 1957, for the sale of

intoxicating liquor in a dry area, and it was properly alleged that the conviction in Cause 6612 was for an offense committed after the judgment of conviction in Cause No. 6555 had become final.

We find no evidence in the record from which the date of the commission of the offense for which appellant was previously convicted may be ascertained.

It is thus apparent that the state failed to prove the allegations of the information essential to the use of a second prior conviction in that it was not shown that the conviction in Cause 6612 was for an offense committed after the conviction in Cause 6555 became final. The court was in error in authorizing the jury to assess the punishment at four times the punishment for a first offense. Simpson v. State, 155 Texas Cr. Rep. 228, 233 S.W. 2d 584; Armendariz v. State, 163 Texas Cr. Rep. 515, 294 S.W. 2d 98.

The judgment is reversed and the cause remanded.