EDWARD D. ROGERS V. STATE.

No. 30,872. June 27, 1959.

*Ralph O. Shepley*, Houston, for appellant.

*Dan Walton*, District Attorney, *Thomas D. White, Samuel H. Robertson, Jr., Gus J. Zgourides*, Assistants District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is passing as true a forged instrument in writing; the punishment, enhanced under Art. 63 P.C. by two prior convictions for felonies less than capital, life.

There are two reasons why the judgment of conviction cannot be affirmed.

(1)   The indictment alleged that appellant was convicted of burglary in Victoria County on December 1, 1948, and that after the conviction had become final he committed the offense of theft, a felony, and on March 28, 1951, was convicted of that offense in Criminal District Court of Harris County, Texas.

We find no evidence in the record as to when the theft for which appellant was convicted in Harris County was committed.

This court has consistently held that to invoke the provisions of Art. 63, P.C., it is necessary that each succeeding conviction be subsequent both in point of time of the commission of the offense and the conviction therefor. Guilliams v. State, 159 Texas Cr. Rep., 81, 261 S.W. 2d 598, and cases cited.

The indictment must so allege and the averments of the indictment must be supported by proof. Arbuckle v. State, 132 Texas Cr. Rep. 371, 105 S.W. 2d 219, 221; Armendariz v. State, 163 Texas Cr. Rep. 515, 294 S.W. 2d 98, 99.

(2)   The indictment alleged the primary offense of forgery, and properly alleged that such offense was committed after the two prior convictions had become final.

The indictment further charged the offense of passing and attempting to pass as true a forged instrument in writing, no reference being made to the prior convictions and the indictment containing no allegation that the offense of passing a forged instrument was committed after appellant had been convicted of two felonies less than capital.

The count charging forgery was not submitted to the jury. The jury found appellant "guilty of passing a forged instrument as charged" and found that he "was previously convicted of two felony offenses less than capital alleged in the indictment."

An accused is entitled to proper notice in the indictment of any prior conviction which the state seeks to use in connection

with any primary offense. Parasco v. State, 165 Texas Cr. Rep. 547, 309 S.W. 2d 465.

In the absence of allegation that the offense for which appellant stands convicted was committed after he had been convicted of two felonies less than capital, and that such prior convictions would be relied on for enhancement of punishment in connection with the primary offense of passing a forged instrument, the life sentence pronounced under Art. 63 P.C. cannot stand.

The judgment is reversed and the cause remanded.