## CLYDE HUGHES COWAN V. STATE

No. 34,410.   March 21, 1962

*John M. Anderson,* Fort Worth, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge.

The offense is robbery by assault with three prior convic-

tions for felonies less than capital alleged for enhancement under Art. 63, V.A.P.C.; the punishment, life.

The instant indictment alleges that appellant was convicted of felony theft on June 18, 1959, in Tarrant County; convicted of felony theft on September 26, 1955, in Tarrant County and convicted of felony theft on October 9, 1953, in El Paso County, "* * * which conviction occurred, and the judgment thereon became final prior to the commission of the offenses for which * * *," appellant was convicted in Tarrant County.

In his charge to the jury the trial court submitted only the two prior convictions in Tarrant County.

There is no allegation that the conviction on September 26, 1955, occurred and the judgment thereon became final prior to the commission of the offense for which appellant was convicted on June 18, 1959.

We find no evidence in the record as to when the theft for which appellant was convicted on June 18, 1959, was committed.

This Court has held on numerous occasions that to invoke the provisions of Art. 63, supra, it is necessary that each succeeding conviction be subsequent to the previous conviction both in point of time of the commission of the offense and the conviction therefor. Absence of such an alleglation is fatal to conviction. Guilliams v. State, 159 Texas Cr. Rep. 81, 261 S.W. 2d 598, cases cited therein and Rogers v. State, 168 Texas Cr. Rep. 306, 325 S.W. 2d 697.

The indictment must so allege and the averments of the indictment must be supported by proof. Arbuckle v. State, 105 S.W. 2d 219; Armendariz v. State, 163 Texas Cr. Rep. 515, 294 S.W. 2d 98; Rogers v. State, supra, and Rogers v. State, 333 S.W. 2d 383.

In view of another trial the testimony pertaining to the confession of appellant's co-defendant, taken after the commission of the offense and in absence of appellant, should be excluded. 24 Texas Jur. 2d, Sec. 668, p. 272-273, cases there cited and 1 Branch's Ann. P.C., Sec. 93, p. 100-102.

For the reasons stated, the judgment is reversed and the cause remanded.