**Antonio Joe GARAY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38211.**

Court of Criminal Appeals of Texas.

May 12, 1965.

Pete Perez (on appeal only), Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Grady Hight, Asst. Dist. Atty., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is burglary; the punishment, enhanced under Art. 63, P.C., life.

The indictment alleged that appellant burglarized a house belonging to A. V. Hickingbotham on or about 18th day of August, 1964.

We find no merit in the complaint addressed to the court's failure to grant a continuance.

The evidence shows without dispute that the place of business of A. V. Hickingbotham known as Bob's Auto Supply was burglarized on the night of August 18, 1964, entry being effected by the breaking of glass.

A neighbor saw a man who was using a large rock to break a window of the building. Appellant answered the description of this man.

Police were notified and appellant was found in the building. He was seen behind the cash register and when one of the officers arrived and pointed a pistol at him though a window, he was bent over a tray of tools. Upon seeing the officer he proceeded to empty his pockets on a work bench, taking from his pockets some mechanics tools and "quite a bit of silver."

Mr. Hickingbotham, who was notified and came to his place of business after appellant had been apprehended, testified that the building was closed; that he did not give appellant permission to enter the building after he had closed it for the day; that a large box had been filled with tools and the change that was in the cash register was laying on the bench in the back of the machine shop.

To secure an enhanced punishment the indictment alleged that appellant was convicted of burglary in Criminal District Court of Tarrant County in Cause No. 67552 on January 18, 1963; and was convicted for felony theft in the same court in Cause No. 62890 on February 10, 1960. Such convictions were proved by certified copies of the judgment and sentence in each of said causes and the records of the Texas Department of Corrections, including fingerprints which were shown by expert testimony to be identical with appellant's prints taken by the fingerprint expert.

The indictment also contained the allegation necessary to obtain an enhanced punishment under Art. 63, P.C., that the conviction in Cause No. 62890, on February 10, 1960, occurred and the judgment became final prior to the commission of the burglary for which appellant was convicted in Cause No. 67552, and that both prior convictions were final prior to the commission of the burglary alleged in the indictment.

Evidence showing that the burglary for which appellant was on trial was committed on August 18, 1964, and the judgment and sentence in Cause No. 67552 was sufficient to sustain the allegation that such conviction occurred on January 18, 1963

and was final prior to the commission of the burglary charged in the indictment.

To invoke the provisions of Art. 63, P.C. there remained the state's burden to prove the allegation of the indictment that the conviction in Cause No. 62890, for felony theft, occurred and the judgment became final prior to the commission of the offense for which appellant was convicted in Cause No. 67552.

The indictment in Cause No. 67552 was introduced in evidence after being identified by the Clerk. The file mark thereon shows that it was filed on December 28, 1962.

An indictment for burglary may be presented within five years and not afterward. Art. 179, C.C.P.

Construing Art. 396(6), Vernon's Ann. C.C.P., this Court has held that the state is not bound by the date on or about which the offense is alleged to have been committed and a conviction may be had upon proof that the offense was committed at any time prior to the return of the indictment which is within the period of limitations.

Under the indictment presented December 28, 1962, proof that the burglary therein alleged was committed long prior to February 10, 1960, the date of the conviction for felony theft in Cause No. 62890, would be sufficient.

It follows that the introduction in evidence of the indictment was not proof that the offense charged was committed after February 10, 1960, hence the evidence is insufficient to sustain a life sentence under Art. 63, P.C. Rogers v. State, 169 Tex.Cr. R. 239, 333 S.W.2d 383, and authorities there cited; Rogers v. State, 168 Tex.Cr. R. 306, 325 S.W.2d 697, and authorities cited.

Attention is further directed to the majority holding in Urban v. State, Tex.Cr. App., 387 S.W.2d 396, wherein it was said:

"We have concluded the learned trial court fell into error in not sustaining appellant's objection to the admission of the indictment. The indictment was clearly hearsay. It constituted no proof. Hearsay evidence is not actually evidence at all. * * * the conclusion is inescapable that the indictment was offered into evidence by the state to show that limitation had not run on the offense charged."

If the Urban case was correctly decided, the indictment in Cause No. 67552 introduced by the state herein, or the file mark thereon, "constituted no proof".

Art. 62, P.C. provides:

"If it be shown on the trial of a felony less than capital that the defendant has been before convicted of the same offense, or one of the same nature, the punishment on such second or other subsequent conviction shall be the highest which is affixed to the commission of such offenses in ordinary cases."

The state having alleged and proved a prior conviction for burglary, and the jury having found that appellant was so convicted, the provisions of Art. 62, P.C. were applicable.

Twelve years being the maximum punishment for the offense of burglary in ordinary cases, the judgment and sentence should have ordered appellant's confinement in the Texas Department of Corrections for a definite term of twelve years.

The judgment and sentence are reformed to so provide.

As reformed, the judgment is affirmed.