**Jake ANDREWS, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39755.**

Court of Criminal Appeals of Texas.

Oct. 26, 1966.

John W. Overton, Houston, for appellant.

Carol S. Vance, Dist. Atty., Ray Moses and C. A. Davis, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Judge.

The offense is the unlawful possession of marihuana; the punishment, life.

Trial was had and notice of appeal was given prior to January 1, 1966.

The punishment was not assessed by the jury but was enhanced by two of the three prior convictions for the offense of burglary alleged in the indictment, one on October 17, 1936 and the other on January 17, 1942.

Neither the transcript nor the statement of facts, agreed by counsel for the state and for appellant to contain a complete and correct transcript of all of the evidence adduced and the proceedings, reflects any stipulation or proof to sustain the allegation of the indictment that the conviction in 1942 was for a burglary committed after the conviction in 1936 became final.

In the absence of such proof a life sentence under Art. 63 P.C. cannot stand.

Square v. State, 142 Tex.Cr.R. 493, 154 S.W.2d 852; Harrison v. State, 168 S.W.2d 243; Guilliams v. State, 159 Tex.Cr.R. 81, 261 S.W.2d 598; Armendariz v. State, 163 Tex.Cr.R. 515, 294 S.W.2d 98; Cortez v. State, Tex.Cr.App., 314 S.W.2d 589; Rogers v. State, 169 Tex.Cr.R. 239, 333 S.W.2d 383; Hobbs v. State, 171 Tex.Cr.R. 607, 352 S.W.2d 836; Ferrell v. State, Tex. Cr.App., 397 S.W.2d 86; Lee v. State, Tex.Cr.App., 400 S.W.2d 909.

The judgment is reversed and the cause is remanded.