Willie WHEAT, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 42056.

Court of Criminal Appeals of Texas.

April 30, 1969.

Rehearing Denied July 9, 1969.

**364**

John Emmett, Dallas, for appellant.

Henry Wade, Dist. Atty., Malcolm Dade, Camille Elliott and James P. Finstrom, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is burglary with intent to commit theft; the punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., life.

We shall consider appellant's grounds of error in reverse order.

■ It is appellant's contention that the evidence is insufficient to sustain the conviction.

Mrs. Iva Neil, a neighbor of the L. J. Todds, testified that as she was leaving her house on December 19, 1966, at approximately 11 a. m., she observed a man, whom she identified as the appellant, standing in the Todds' yard. Knowing the Todds were not home she observed the appellant for approximately five minutes until he disappeared around the side of the house. Proceeding to the Todds' house she heard glass breaking and left to call Mrs. Todd and the police.

Mrs. Todd testified that when she, Mrs. Neil and a police officer entered her house they found the glass portion of her rear door broken and pry marks on the door which was not the condition of the door when she locked it and left for work earlier that morning; that the television set and items of clothing had been placed near the door; that they discovered the appellant in the den wearing her husband's hat and in possession of watches, a ring, a radio and other items of personal property belonging to her or her husband; that the appellant kept motioning to a closet where another man, Joe Willie Benton, was found hiding.

L. J. Todd testified that he had not given the appellant or anyone else permission to break and enter his house or to take any property therefrom.

The appellant did not testify, but called 19-year-old Joe Willie Benton, who had already pleaded guilty to the instant burglary. He related that he told the 45-year-old appellant that the Todds' house was his and that he was entering only to

change clothes; that he broke and entered the house and then called appellant to enter through the broken door; that he handed watches and other items to appellant and told him he could pawn them; that he did not tell the appellant the house or the property was not his.

The jury, by their verdict, rejected the appellant's theory of the case, and the evidence is sufficient to sustain the conviction.

Ground of error #3 is overruled.

Next, appellant contends the trial court erred in instructing the jury as to the definition of burglary. He candidly admits there were no written objections or special requested charges timely presented to the court in accordance with Articles 36.14 and 36.15, Vernon's Ann.C. C.P., but claims the error is a fundamental one which should be reviewed by this Court.

The definition given in the charge reads as follows:

"You are instructed that the offense of burglary is constituted by entering a house by force and breaking at night, with the intent to commit the crime of theft. Further, you are instructed that burglary is constituted when one, with intent to commit theft by breaking, enters a house in the day time."

By such definition appellant contends the court eliminated the necessity of breaking and made entry with intent to commit the offense of theft by breaking the gist of the offense contrary to the provisions of Articles 1390 and 1392, V.A.P.C.

■■ While undoubtedly it would have been better form to have placed in the last sentence of the definition a comma after the word "theft" and before the words "by breaking," (see Article 1390, supra) we perceive no fundamental and reversible error. The definition given (without the comma) is the same as in the charges set out in 4 Branch's Anno. P.C., 2d ed., Sec. 2512, p. 831 and Erisman, Manual of Reversible Errors, Sec. 617,

p. 634. The form of charge set out in Willson's Criminal Forms, 7th Ed., Sec. 3484, correctly uses the comma.

■ In the case at bar the court in its charge also defined the terms "force" and "breaking," "entry" and "theft" and in applying the law to the facts required the jury to find the constituent elements of burglary before finding the appellant guilty of the burglary as charged. Under such circumstances even the failure of the court to define burglary at all in its charge does not present error. Covarrubias v. State, 169 Tex.Cr.R. 288, 334 S.W.2d 187; 12A Texas Digest Criminal Law ⊕829(3). In light of the charge as a whole, no error is presented.

Ground of error #2 is overruled.

The court assessed the punishment. Therefore the appellant next advances the claim that "it was error for the court to find as true that the conviction of appellant in Cause No. 19,290 on September 9, 1959, was for an offense committed after the conviction of appellant in Cause No. 5771-I, on August 31, 1954, became final."

In addition to the averment of the primary offense in the first paragraph, the indictment alleged in the second paragraph for the purpose of enhancement a prior conviction for burglary, in the 71st District Court of Harrison County, Texas, in Cause No. 19,290 on the 9th day of September, 1959, and further alleged it to be a final conviction for an offense committed prior to the commission of the instant offense.

In the third paragraph a prior conviction for burglary in Criminal District Court No. 2 of Dallas County, Texas, in Cause No. 5771-I on the 31st day of August, 1954, was also alleged as a final conviction for an offense committed prior to the commission and conviction referred to in the second paragraph and prior to the commission of the primary offense.

At the penalty stage of the proceedings the State offered duly certified copies of the indictments, judgments and sentences

**366**

in said causes, authenticated prison records, and a comparison of fingerprints and rested. The indictment in Cause No. 19,290 charged the offense was committed on or about the 5th day of June, 1959, and the indictment in Cause No. 5571-I alleged the offense there charged was committed on or about April 15, 1954.

It is appellant's contention, however, that no proof was made by the State that the 1959 conviction was for an offense committed after the 1954 conviction had become final.

 It is well established law that Article 63, V.A.P.C., is reformatory in nature, and the second conviction alleged to enhance the punishment must be for a non-capital felony committed after the conviction for the first non-capital felony. See Square v. State, 142 Tex.Cr.R. 493, 154 S.W.2d 852; Ellis v. State, 134 Tex. Cr.R. 346, 115 S.W.2d 660; Harrison v. State, 145 Tex.Cr.R. 386, 168 S.W.2d 243; Armendariz v. State, 163 Tex.Cr.R. 515, 294 S.W.2d 98; Arbuckle v. State, 132 Tex.Cr.R. 371, 105 S.W.2d 219; Martin v. State, 164 Tex.Cr.R. 113, 297 S.W.2d 166; Cortez v. State, Tex.Cr.App., 314 S.W.2d 589; Hobbs v. State, 171 Tex.Cr.R. 607, 352 S.W.2d 836; Cowan v. State, 172 Tex. Cr.R. 183, 355 S.W.2d 521; Loud v. State, 166 Tex.Cr.R. 81, 311 S.W.2d 852.

 In Rogers v. State, 168 Tex.Cr. R. 306, 325 S.W.2d 697, it was said:

"This Court has consistently held that to invoke the provisions of Article 63, Vernon's Ann.P.C., it is necessary that each succeeding conviction be subsequent both in point of time of the commission of the offense and the conviction therefor. Guilliams v. State, 159 Tex.Cr.R. 81, 261 S.W.2d 598, and cases cited.
"The indictment must so allege and the averments of the indictment must be supported by proof. Arbuckle v. State, 132 Tex.Cr.R. 371, 105 S.W.2d 219, 221; Armendariz v. State, 163 Tex. Cr.R. 515, 294 S.W.2d 98, 99."

In absence of evidence that the second prior conviction alleged and relied upon occurred and judgment thereon became final prior to the commission of the offense resulting in the first prior conviction, it was held that the habitual criminal conviction in Rogers could not stand.

Upon retrial, Rogers v. State, 169 Tex. Cr.R. 239, 333 S.W.2d 383, the State sought to supply such proof of the date of the commission of the second prior conviction alleged solely by offering the indictment therefrom.

In again reversing, this Court noted that there was still no evidence to sustain the allegation that the felony theft for which appellant was convicted on March 28, 1951, in Harris County was committed after his Victoria County conviction on December 1, 1948, unless it be the indictment in the Harris County case. Observing that an indictment for felony theft may be presented within five years, but not afterward (Article 179, V.A.C. C.P.—now Article 12.03), it was held that the introduction of the indictment did not supply the necessary proof required.

The Court explained as follows:

"Article 396, subd. 6, Vernon's Ann. C.C.P. (now Article 21.02) provides that the time mentioned in an indictment must be some date anterior to the presentment of the indictment, and not so remote that the prosecution of the offense is barred by limitation.

"It is well settled that under this provision the state is not bound by the date on or about which the offense is alleged to have been committed, but a conviction may be had upon proof that the offense was committed any time prior to the return of the indictment that is within the period of limitation. Ellis v. State, 167 Tex.Cr.R. 87, 318 S.W.2d 655; Hunter v. State, 95 Tex.Cr.R. 394, 254 S.W. 993, and other authorities listed under Note 9, Art. 396, V.A.C. C.P."

Appellant calls our attention to a number of cases, citing the Rogers cases, holding that there was no evidence or insufficient evidence to establish the date of the commission of the second prior conviction alleged for enhancement. Hobbs v. State, 171 Tex.Cr.R. 607, 352 S.W.2d 836; Cowan v. State, 172 Tex.Cr.R. 183, 355 S.W.2d 521; Garay v. State, Tex.Cr.App., 389 S.W.2d 952; Haines v. State, Tex.Cr.App., 391 S.W.2d 58; Woods v. State, Tex.Cr.App., 394 S.W.2d 513; Jackson v. State, Tex.Cr.App., 395 S.W.2d 650; Ferrell v. State, Tex.Cr.App., 397 S.W.2d 86; Hamilton v. State, Tex.Cr.App., 397 S.W.2d 225; Lee v. State, Tex.Cr.App., 400 S.W.2d 909; Andrews v. State, Tex.Cr.App., 407 S.W.2d 507. See also Jones v. State, Tex.Cr.App., 422 S.W.2d 183.

He specifically contends that the only evidence offered as to the date of commission of the burglary for which he was convicted in 1959 in Harrison County was the indictment in said cause alleging the offense occurred on or about June 5, 1959; that such indictment was presented and filed on August 5, 1959; that an indictment for burglary may be presented within five years and not afterward (Article 179, V.A.C.C.P.—now Article 12.03); that the State not being bound by the date alleged in the indictment, the offense could have been committed at any time after August 5, 1954, which was a date prior to his conviction in Dallas County for burglary in Cause No. 5771-I on August 31, 1954; that the Harrison County conviction would be sustainable upon a showing that the offense involved occurred during the 26-day period in August, 1954, between the 5th and 31st days thereof; that in light of the authorities the proof is insufficient.

Despite the absence of a stipulation, Morgan v. State, Tex.Cr.App., 435 S.W.2d 862; Thigpen v. State, Tex.Cr.App., 375 S.W.2d 722; Conley v. State, Tex.Cr.App., 390 S.W.2d 276; Huerta v. State, Tex.Cr.App., 390 S.W.2d 770; 1 Branch's Anno.P.C., 2d ed., Sec. 699.1, or the testimony of the arresting or investigating officer who had personal knowledge of the date of the commission of the offense for which the appellant had been previously convicted as was done in Gomez v. State, Tex.Cr.App., 365 S.W.2d 176; Mackie v. State, Tex.Cr.App., 367 S.W.2d 697; Broussard v. State, Tex.Cr.App., 363 S.W.2d 143; Platt v. State, Tex.Cr.App., 402 S.W.2d 898; Richardson v. State, Tex.Cr.App., 432 S.W.2d 100; cf. Stoneham v. State, Tex.Cr.App., 389 S.W.2d 468, or the testimony of the complaining witness as to such date as was done in Rodriquez v. State, Tex.Cr.App., 419 S.W.2d 372, or other evidence, the State maintains the evidence offered is sufficient. It calls attention to the fact that the indictment in Cause No. 5771-I introduced in evidence alleges the burglary charged therein occurred on or about April 15, 1954; that the sentence pronounced in said cause on August 31, 1954, and introduced reflects the following: "Back time allowed. Sentence to begin April 15, 1954"; that such credit on the sentence was granted under the provisions of Article 768, V.A.C.C.P. (now Article 42.03) which permits the trial judge to give a defendant credit on his sentence for the time which the defendant has spent in jail in said cause, from the time of his arrest and confinement until his sentence by the trial court.

In Garay v. State, Tex.Cr.App., 389 S.W.2d 952, it was held that an indictment is not evidence as to when a prior offense was committed other than where there is a final conviction the offense should be presumed to have been committed some time within the period of limitation prior to the filing of the indictment. The conviction in Cause No. 5771-I in Dallas County became final on August 31, 1954, no notice of appeal having been given. See Robertson v. State, Tex.Cr.App., 418 S.W.2d 678.

Appellant concedes the period of time in question in which the offense for which he was convicted in Harrison County could have been committed so as to bar

its use against him in this prosecution ranges from August 5, 1954, to August 31, 1954.

■ It being presumed that the trial judge acted correctly in applying the provisions of Article 768, supra, it must be assumed that from August 5 to August 31, 1954, appellant was in confinement as a result of the Dallas County offense charged in said Cause No. 5771-I and could not have within that period of time committed the offense in Harrison County for which he was subsequently convicted on September 9, 1959.

Ground of error #1 is overruled.

■ Even if we were to conclude otherwise appellant would not be entitled to a new trial but only to a remand for assessment of punishment by the court. Johnson v. State, Tex.Cr.App., 436 S.W.2d 906. Cf. Baker v. State, Tex.Cr.App., 437 S.W.2d 825.

The judgment is affirmed.