**Hardy JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42525.**

Court of Criminal Appeals of Texas.

Jan. 21, 1970.

---

1. See title to the 1955 amendment to Article 1404b, supra. (Acts 1955, 54th Leg., p. 351, ch. 7).

**280**

Howard Law, Dallas (on appeal only), Donald R. Scoggins, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., and John Tolle, Camille Elliott, James P. Finstrom, Jim Barklow and C. H. Erwin, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is burglary; the punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., life.

The record reflects that the Armstrong Barber and Beauty Shop in the City of Dallas was burglarized on June 12, 1968, and a number of hair clippers, a screwdriver and other items were taken. The following day, Dallas City Police Officers Davis and Eady, acting upon information received, went to appellant's apartment. Upon identifying themselves and requesting to talk to her, they were invited into the house by appellant's wife. Entering the living room they observed several items known to have been taken in the burglary. In fact, appellant's wife moved some of the items so the officers would have a place to sit. Appellant was present in the bedroom at the time. He and his wife were arrested after the officers seized the purloined items.

Subsequently, after having been given the statutory warning in accordance with Article 15.17, Vernon's Ann.C.C.P., as well as the warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, the appellant, having waived his rights, gave an oral confession leading to the recovery of some of the hair clippers taken in the burglary.

Appellant presents two grounds of error which shall be considered in reverse order.

Appellant urges that the court erred in admitting into evidence testimony as to the articles seized at appellant's apartment in absence of a search warrant.

Officer Davis' testimony that in the course of a burglary investigation he went to appellant's apartment, was invited in by appellant's wife and then saw in plain view items taken in the burglary was admitted without objection.

Only later did the appellant complain to the trial court about the lack of a search

warrant at the time and contend that there was an illegal search.

We observe that the appellant's wife, testifying in his behalf, acknowledged that she had indeed invited the officers into the apartment.

It is true that a waiver of constitutional immunity from an unreasonable search and seizure cannot be inferred from the act of an accused or his wife in admitting police officers into their apartment in compliance with their request for an interview. LeBlanc v. State, Tex.Cr.App., 424 S.W. 2d 434; Robertson v. State, Tex.Cr.App., 375 S.W.2d 457; Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436.

■ Such rule has no application where after the invitation to enter was given, the officers seized the items in plain view known to have been taken in a burglary and do not recover the same by result of any search. LeBlanc v. State, supra; Isaac v. State, Tex.Cr.App., 421 S.W.2d 661; see Galloway v. State, Tex.Cr.App., 420 S.W.2d 721; Coronado v. State, 167 Tex.Cr.R. 206, 319 S.W.2d 104; 51 Tex. Jr.2d, Searches and Seizures, p. 685, Sec. 15. Cf. Nichols v. Commonwealth, 408 S. W.2d 189 (Ky.).

■ It is well established law that an officer may seize what he sees in plain sight or open view if he is lawfully where he is. Ker v. California, 374 U.S. 23, 83 S. Ct. 1623, 10 L.Ed.2d 726; United States v. Lee, 274 U.S. 559, 47 S.Ct. 746, 71 L.Ed. 1202; Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668; Lewis v. State, Tex.Cr.App., 439 S.W.2d 351.

And there would appear to be no question of the wife's right to invite the officers into the apartment, even if she was not the complaining witness. See Harrison v. State, Tex.Cr.App., 445 S.W.2d 217.

Ground of error #2 is overruled.

Appellant's initial ground of error concerns the hearing on punishment conducted before the court after the verdict of guilty and the discharge of the jury. He contends the State failed to prove that the second prior conviction of appellant for burglary in Cause No. E–906–H in the Criminal District Court of Dallas County on April 5, 1963, and alleged for enhancement was for an offense committed after the first prior conviction of the appellant for burglary on September 23, 1960, in the same District Court which was also alleged for enhancement.

■ It is well established that Article 63, V.A.P.C., is reformatory in nature and the second conviction alleged for enhancement must be for a felony less than capital committed after the conviction for the first non-capital felony alleged. See Wheat v. State, Tex.Cr.App., 442 S.W.2d 363 and numerous cases there cited.

■ In order to sustain the allegations of the indictment as to the prior convictions the State introduced the authenticated prison records relating to such convictions from the Texas Department of Corrections including fingerprints of the appellant. The State also offered the testimony of a fingerprint expert that such fingerprints were the same as fingerprints recently taken from the appellant. This method of proof for establishing as a historical fact the prior convictions alleged has been consistently approved by this Court. Graham v. State, Tex.Cr.App., 422 S.W.2d 922; Broussard v. State, Tex.Cr.App., 363 S.W. 2d 143; 1 Branch's Ann.P.C., 2nd ed., p. 684, Sec. 699.

The prison records introduced in the case at bar did not contain certified copies of the indictments involved. And even though both prior convictions occurred in Dallas County where this prosecution was had, no effort was made by the State to introduce such indictments.

To prove that the second prior conviction was for a non-capital felony committed after the first prior conviction alleged, the State offered the testimony of Dallas Police Officer John Adams. He related he had apprehended the appellant on

January 31, 1963, coming out of a building which had been burglarized "at 722 North Pear, Precision Motors." There was no other evidence to show when the offense occurred for which appellant was convicted on April 5, 1963, in Cause No. E–906–H. Without the indictment, it is impossible to determine the date on or about which the offense charged in said cause was alleged to have occurred or the date said indictment was presented or returned. From the record we are unable to determine whether the offense described in Officer Adams' testimony was the basis for the indictment in Cause No. E–906–H or not.

In discussing a related question, the Court in Wheat v. State, supra, wrote:

"In Rogers v. State, 168 Tex.Cr.R. 306, 325 S.W.2d 697, it was said:

" 'This Court has consistently held that to invoke the provisions of Article 63, Vernon's Ann.P.C., it is necessary that each succeeding conviction be subsequent both in point of time of the commission of the offense and the conviction therefor. Guilliams v. State, 159 Tex.Cr.R. 81, 261 S.W.2d 598, and cases cited.

" 'The indictment must so allege and the averments of the indictment must be supported by proof. Arbuckle v. State, 132 Tex.Cr.R. 371, 105 S.W.2d 219, 221; Armendariz v. State, 163 Tex.Cr.R. 515, 294 S.W.2d 98, 99.'

"In absence of evidence that the first prior conviction alleged and relied upon occurred and judgment thereon became final prior to the commission of the offense resulting in the second prior conviction, it was held that the habitual criminal conviction in Rogers could not stand.[1]

"Upon retrial, Rogers v. State, 169 Tex.Cr.R. 239, 333 S.W.2d 383, the State sought to supply such proof of the date of the commission of the second prior conviction alleged solely by offering the indictment therefrom.

"In again reversing, this Court noted that there was still no evidence to sustain the allegation that the felony theft for which appellant was convicted on March 28, 1951, in Harris County was committed after his Victoria County conviction on December 1, 1948, unless it be the indictment in the Harris County case. Observing that an indictment for felony theft may be presented within five years, but not afterward (Article 179, V. A.C.C.P.—now Article 12.03), it was held that the introduction of the indictment did not supply the necessary proof required.

"The Court explained as follows:

" 'Article 396, subd. 6, Vernon's Ann. C.C.P. (now Article 21.02) provides that the time mentioned in an indictment must be some date anterior to the presentment of the indictment, and not so remote that the prosecution of the offense is barred by limitation.

" 'It is well settled that under this provision the state is not bound by the date on or about which the offense is alleged to have been committed, but a conviction may be had upon proof that the offense was committed any time prior to the return of the indictment that is within the period of limitation. Ellis v. State, 167 Tex.Cr.R. 87, 318 S.W.2d 655; Hunter v. State, 95 Tex.Cr.R. 394, 254 S.W. 993, and other authorities listed under Note 9, Art. 396, V.A.C.C.P.' "

█ Since the record does not reflect the date of the commission of the offense charged in said Cause No. E–906–H and the statute of limitation for the offense of burglary is five years (see Article 12.03, V.A.C.C.P.), we cannot conclude that the State has sustained its burden of proof that the conviction in said Cause No. E–906–H was for an offense committed after the first prior conviction in 1960 had become final.

The evidence is, however, sufficient to sustain the conviction under the provisions

---

1. In Wheat v. State, supra, it appears that the words "first" and "second" were transposed in error.

of Article 62, V.A.P.C. Therefore, the judgment and sentence are accordingly reformed to reflect the assessment of punishment at confinement in the Texas Department of Corrections for 12 years.

As reformed, the judgment is affirmed.