Cresencio G. VILLAREAL, Appellant,

v.

The STATE of Texas, Appellee.

No. 43891.

Court of Criminal Appeals of Texas.

June 16, 1971.

Rehearing Denied July 28, 1971.

Walter E. Boyd, Jr., Houston, court appointed on appeal, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Bob Floyd, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for burglary with intent to commit theft. The punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., was assessed at life.

In addition to the instant offense, the indictment alleged that on June 22, 1954, the appellant was convicted of the offense of felony theft in Cause No. 69107 in the Criminal District Court No. 2 of Harris County, Texas, and that after such conviction became final the appellant committed the offense of burglary and on September 8, 1960, was duly convicted of such offense in Criminal District Court No. 4 of Harris County, Texas, in Cause No. 92359.

The sufficiency of the evidence as to the primary offense is not challenged. Appellant, however, vigorously contends the court erred in enhancing punishment under Article 63, supra, since the evidence is insufficient to reflect that the 1960 burglary conviction alleged for enhancement was for an offense committed after the 1954 felony theft conviction (also alleged for enhancement) became final.

In Rogers v. State, 168 Tex.Cr.R. 306, 325 S.W.2d 697, it was said:

"This Court has consistently held that to invoke the provisions of Article 63, Vernon's Ann.P.C., it is necessary that each succeeding conviction be subsequent both in point of time of the commission of the offense and the conviction therefor. Guilliams v. State, 159 Tex.Cr.R. 81, 261 S.W.2d 598, and cases cited.

"The indictment must so allege and the averments of the indictment must be supported by proof. Arbuckle v. State, 132 Tex.Cr.R. 371, 105 S.W.2d 219, 221; Armendariz v. State, 163 Tex.Cr.R. 515, 294 S.W.2d 98, 99." See Wheat v. State, Tex.Cr.App., 442 S.W.2d 363 and cases there cited.

In the case at bar the State, at the penalty stage of the proceedings, introduced authenticated prison records of the appellant which included certified copies of the judgments and sentences in the prior convictions alleged for enhancement as well as photographs and sets of fingerprints.

Thereafter the State offered into evidence a certified copy of the indictment in said Cause No. 92359, the 1960 burglary conviction,[1] and then the record reflects the following:

"MR. HIRTZ: Thank you, Your Honor. We respectfully call the court's attention to the fact that it (the authenticated prison records relating to the 1960 burglary conviction) alleges the date of the commission of the offense of burglary to be the 14th of June, 1960. And we would rely upon Article 179 of the Texas Code of Criminal Procedure of 1925, that the statute of limitations was five years and that the conviction in the theft case, No. 69107, was a final conviction, before the commission of the offense on which the indictment in Cause No. 92359 is based, Your Honor.

"MR. BURNS: I will so stipulate, that the five years has run in both of them.

"MR. HIRTZ: The State so stipulates. Do you stipulate, Mr. Villareal?

"THE DEFENDANT: Yes, sir.

"MR. HIRTZ: I have no further questions of Mr. Butts. '

"MR. BURNS: My stipulation is: The five years has run on the '60 conviction. I am not stipulating anything as to Cause No. 69107, but I will stipulate as to the 1960 conviction; which number is that?

"THE COURT: You have stipulated as to No. 92359.

"MR. BURNS: You understand, I am not stipulating to anything on the '54 conviction, which is 69107?

"MR. HIRTZ: Except that it was a final conviction before the offense was committed in Cause No. 92359; is that correct?

"MR. BURNS: I am not stipulating to anything.

"MR. HIRTZ: Well, it is already in evidence before the Court."

The State has taken the position that evidence supposedly missing was supplied by the stipulation. The appellant contends that a stipulation to be valid must be clear and unambiguous and that the stipulation in question, therefore, cannot be considered.

We need not consider at all the stipulation to properly dispose of appellant's contention.

 It is true as appellant contends that normally the State may not supply proof of the date of the commission of the offense resulting in the second prior conviction (alleged for enhancement) by offering only the indictment therefrom. See

1. This exhibit which was marked for identification State's Exhibit #3 was received into evidence for "comparison purposes only" at the guilt stage of the trial and did not go to the jury. At the hearing on punishment before the court it "was received generally." It was not in the appellate record received but has been obtained by order of this Court. See Article 40.09, Sec. 15, Vernon's Ann. C.C.P.

Rogers v. State, 169 Tex.Cr.R. 239, 333 S.W.2d 383. However, in Garay v. State, Tex.Cr.App., 389 S.W.2d 952, it was held an indictment is not evidence as to when a prior offense was committed other than where there is a final conviction the offense should be presumed to have been committed some time within the period of limitation prior to the filing of the indictment. The 1960 burglary conviction became final on September 8, 1960, no notice of appeal having been given. See Robertson v. State, Tex.Cr.App., 418 S.W.2d 678; Wheat v. State, supra. The indictment in such case was shown to have been presented and filed on July 22, 1960. The statute of limitation for the offense of burglary is five years. See Article 12.03, V.A.C.C.P. Therefore, it is presumed that the offense was committed within five years prior to July 22, 1960, or sometime after July 22, 1955. The first prior conviction (Cause No. 69107) alleged for enhancement became final on June 22, 1954, no notice of appeal having been given. We conclude, therefore, that the evidence was sufficient to show that the first prior conviction alleged for enhancement was a final conviction before the commission of the offense which formed the basis of the second prior conviction.

■ Appellant's second ground of error attacks the use of a set of fingerprints taken from him during the process of the trial and utilized by a fingerprint expert at the penalty stage of the trial for comparison purposes with the fingerprints contained in the authenticated prison records in order to identify him as one and the same person so previously convicted as alleged. This Court has repeatedly held such fingerprints so obtained are admissible and no violation of the privilege against self-incrimination is involved. Gage v. State, Tex.Cr.App., 387 S.W.2d 679; De La Rosa v. State, Tex.Cr.App., 414 S.W.2d 668; Travis v. State, Tex.Cr.App., 416 S.W.2d 417; Harrington v. State, Tex.Cr.App., 424 S.W.2d 237; Branch v. State, Tex.Cr.App., 445 S.W.2d 756; Washington v. State, Tex.Cr.App., 434 S.W.2d 138; Johnson v. State, Tex.Cr.App., 432 S.W.2d 98; Trammell v. State, Tex.Cr.App., 445 S.W.2d 190; Price v. State, Tex.Cr.App., 449 S.W.2d 73; Tea v. State, Tex.Cr.App., 453 S.W.2d 179; McKenzie v. State, Tex.Cr.App., 450 S.W.2d 67; Gordon v. State, Tex.Cr.App., 461 S.W.2d 415; Williams v. State, Tex.Cr.App., 461 S.W.2d 614; Martin v. State, Tex.Cr.App., 463 S.W.2d 449; Rinehart v. State, Tex.Cr.App., 463 S.W.2d 216.

When such evidence was offered at the penalty stage of the trial reflecting that the appellant had been fingerprinted by the expert witness a few minutes before, there was no objection.

■ Appellant actually appears to complain about the action of the Assistant District Attorney who, earlier in the trial, had gone during the noon hour to a holdover cell near the courtroom where the appellant, in absence of counsel, was being held and demanded that he allow his prints to be taken by the expert witness who was present. The appellant refused, stating he was eating his lunch. He appears to disprove of an alleged statement then made by the prosecutor that he would get "three deputies" to see that the prints were obtained. The prints were not, of course, taken at the time and the action of the prosecutor was brought to the attention of the trial judge who stated that he would order the appellant printed if and when it became necessary.

We perceive no error.

The judgment is affirmed.