Epifanio Garcia **ALVAREZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43966.

Court of Criminal Appeals of Texas.

Sept. 23, 1971.

Rehearing Denied Nov. 30, 1971.

Robert Mitchell (Court appointed on appeal), J. Anthony Guajardo, San Antonio, for appellant.

Ted Butler, Dist. Atty., Charles T. Conaway, Charles Campion and Lucien B. Campbell, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for sale of heroin where the punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., was assessed at life.

The appellant contends the trial court fundamentally erred in imposing a life sentence pursuant to Article 63, V.A.C.P., because the allegations in the indictment as to the two prior convictions were not sufficient to authorize the utilization of such convictions to enhance punishment in connection with the primary offense of which he was convicted.

The first count contained in the first paragraph of the indictment alleged the offense of possession of heroin "on or about the 23rd day of July, A.D.1969."

The second count of the indictment contained in the second paragraph thereof alleged the offense of sale of heroin "on or about the 23rd day of July, A.D.1969."

On the second page of the indictment was contained the third and fourth paragraphs. The third paragraph alleged that the appellant was convicted in 1965 of assault with intent to commit murder with malice and that "said conviction was a final conviction and was a conviction for an offense committed by him, the said Epifanio Garcia Alvarez, prior to the commission of the offense herein before charged against him, as set forth in the first paragraph hereof" (being the possession of heroin count).

The fourth paragraph alleged that the appellant had been convicted in 1960 of forgery and that "said conviction was a final conviction and was a conviction for an offense committed by him, the said Epifanio Garcia Alvarez prior to the commission and *conviction* of the offense hereinbefore charged against him in the second paragraph hereof (being the primary offense of sale of heroin) and said conviction set forth in this paragraph was prior to the commission of the offense set forth in the first paragraph hereof" (being the possession of heroin count). (emphasis supplied)

It appears obvious that in drafting the indictment the third and fourth paragraphs were lifted from a form designed for a one count indictment, not a two count indictment.

Prior to trial the appellant requested that the jury assess the punishment, which was his right to do. See Article 37.07, Vernon's Ann.C.C.P.

The State waived and abandoned the first count of the indictment contained in the first paragraph thereof, and the court instructed the jury in this regard in its charge at the guilt stage of the trial. The first count of the indictment went out of the picture. Only the second count of the indictment contained in the second paragraph thereof was submitted to the jury. And the jurors found the appellant guilty of such offense at the first stage of the bifurcated trial.

The trial court, at the penalty stage of the trial, instructed the jury to determine if the appellant had been so previously convicted as alleged in the third and fourth paragraphs. Upon their findings the court entered judgment and imposed a life sentence under Article 63, supra, to which the provisions of the indeterminate sentence law are not applicable.

Such action was taken despite the fact that the allegations relating to the 1965 conviction for assault to murder did not mention or refer to the primary offense contained in the second paragraph of the indictment of which the appellant was convicted, and despite the fact the allegations as to the 1960 conviction for forgery did not state that such conviction was a final conviction prior to the commission of and the 1965 conviction for the offense of assault to murder alleged in the third paragraph of the indictment.

It is well established that the enhanced penalty statutes including Article 63, supra, are to be strictly construed. Garcia v. State, 140 Tex.Cr.R. 340, 145 S. W.2d 180; Square v. State, 142 Tex.Cr.R. 493, 154 S.W.2d 852; 1 Branch's Ann.P.C., 2d ed., Sec. 698, p. 681.

In Rogers v. State, 168 Tex.Cr.R. 306, 325 S.W.2d 697, 698, it was said:

"This Court has consistently held that to invoke the provisions of Art. 63, Vernon's Ann.P.C., it is necessary that each succeeding conviction be subsequent both in point of time of the commission of the offense and the conviction therefor.

Guilliams v. State, 159 Tex.Cr.R. 81, 261 S.W.2d 598, and cases cited.

*"The indictment must so allege* and the averments of the indictment must be supported by proof. Arbuckle v. State, 132 Tex.Cr.R. 371, 105 S.W.2d 219, 221; Armendariz v. State, 163 Tex.Cr.R. 515, 294 S.W.2d 98, 99." (emphasis supplied) See also Haines v. State, Tex.Cr.App., 391 S.W.2d 58 and cases there cited; Wheat v. State, Tex.Cr.App., 442 S.W.2d 363.

In Rogers, supra, the indictment alleged the primary offense of forgery, and properly alleged that such offense was committed after the two prior convictions had become final. The indictment also alleged a primary offense of passing as true a forged instrument with the indictment containing no allegation that such offense was committed after Rogers had been convicted of two non-capital felonies.

As in the case at bar, the first primary offense alleged was not submitted to the jury. The jury found Rogers "guilty of passing a forged instrument as charged" and found that he "was previously convicted of two felony offenses less than capital alleged in the indictment."

There the life sentence imposed under Article 63, supra, was reversed, the court noting that:

"[A]n accused is entitled to proper notice in the indictment of any prior conviction which the state seeks to use in connection with any primary offense. Parasco v. State, 165 Tex.Cr.R. 547, 309 S.W.2d 465.

"In the absence of allegation that the offense for which appellant stands convicted was committed after he had been convicted of two felonies less than capital, and that such prior convictions would be relied on for enhancement of punishment in connection with the pri-

mary offense of passing a forged instrument, the life sentence pronounced under Art. 63, Vernon's Ann.P.C. cannot stand."

A strikingly similar situation was presented in Armstrong v. State, 170 Tex. Cr.R. 284, 340 S.W.2d 500, which involved the primary offenses of burglary of a private residence at night in one count and ordinary burglary in another. The prior convictions were tied by their allegations only to the alleged offense of burglary of a private residence at night, which count was not submitted to the jury. Citing Rogers, supra, the life sentence imposed under Article 63, supra, was reversed. Cf. Parasco v. State, supra.

In Ex parte Holley, 170 Tex.Cr.R. 206, 339 S.W.2d 903, a post-conviction habeas corpus attack upon a life sentence was sustained. Holley was convicted of the primary offense of felony theft with punishment being enhanced by virtue of alleged prior convictions for forgery in Oklahoma in 1947 and a felony theft conviction in Texas in 1950.

In Holley the court said:

"The indictment is insufficient in law to support a life term under Art. 63, Vernon's Ann.P.C., because there is no allegation that the theft for which relator was convicted in 1950 was committed after the judgment in the forgery conviction became final. See Arbuckle v. State, 132 Tex.Cr.R. 371, 105 S.W.2d 219, 221; Armendariz v. State, 163 Tex. Cr.R. 515, 294 S.W.2d 90, 99; Rogers v. State, 168 Tex.Cr.R. 306, 325 S.W.2d 697; and Rogers v. State, 169 Tex.Cr.R. 239, 333 S.W.2d 383, 385 and cases cited." See also Cowan v. State, 172 Tex. Cr.R. 183, 355 S.W.2d 521; Ex parte Bonds, Tex.Cr.App., 309 S.W.2d 239.

As earlier noted, there was an absence of the same type of necessary allegations in the instant indictment.

There can be no question but that the consistent holdings of this court require a reversal in this cause.

Further, it is noted that:

"A substantial defect in an accusatory pleading may ordinarily be raised on appeal, even though no objection was made in the trial court. Thus, where the indictment is in such form that a legal judgment of guilty cannot be based on it, an objection thereto on appeal is timely; the appellate court may, in such circumstances, reverse the judgment on its own motion." 5 Tex.Jur.2d, Appeal and Error—Criminal Cases, Sec. 32, p. 54.

In Flores v. State, 86 Tex.Cr.R. 235, 216 S.W. 170, it was held that misdirection of the jury in a felony case is held to be fundamental error in every case where the same results in the infliction of a greater penalty than the minimum fixed by law.

In the instant case after the appellant had been found guilty, the trial court instructed the jury at the penalty stage of the proceedings to determine if the appellant was the same person so previously convicted as alleged. Only if they did not so find were they authorized to assess punishment for the primary offense (sale of heroin). Upon their finding that appellant had been so previously convicted, the court automatically assessed the punishment at life under the provisions of Article 63, V.A.P.C.

Even if it could be argued that the surplusage in the fourth paragraph of the indictment should be disregarded and that its allegations are sufficient when taken in conjunction with the indictment's second count to authorize a life sentence under Article 62, V.A.P.C., it is observed that forgery and sale of heroin are not such like or similar offenses as to invoke the provisions of Article 62, supra.

For the reasons stated, the judgment is reversed and remanded.