John F. GUTIERREZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 53617.

Court of Criminal Appeals of Texas.

Sept. 14, 1977.

Bill A. Davis, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., Lubbock, and Warren G. Tabor, Jr., Levelland, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for the offense of escape by using a deadly weapon. V.T.C.A., Penal Code, § 38.07(d). Punishment was assessed at life imprisonment following a verdict that appellant was guilty of the primary offense and had been twice previously convicted of felony offenses. V.T.C.A., Penal Code, § 12.42(d).

The record reflects that on July 12, 1975 appellant and two other inmates of the Lubbock County jail escaped from their cell block by sawing a support bar. Using a knife and the support bar as weapons, they subdued a jailer, took his keys and opened the cell block door and freed eight other prisoners. They rode the elevator to the first floor and then fled through the south door of the jail.

The indictment alleged, among other things, that the appellant had been previously convicted of burglary on March 25, 1963 in the 99th District Court of Lubbock County in Cause No. 8841, and that after such conviction became final he had been convicted of robbery by assault on June 27, 1966 in the said 99th District Court in Cause No. 10,471.

Among appellant's grounds of error is the contention that the State failed to prove that the 1966 robbery conviction was for an offense that was *committed* subsequent to the alleged 1963 conviction having become final. He thus contends that the punishment was improperly enhanced, entitling him to a new trial. We agree and reverse.

V.T.C.A., Penal Code, § 12.42(d), provides:

"If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, *and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final,* on conviction he shall be punished by confinement in the Texas Department of Corrections for life." (Emphasis supplied.)

§ 12.42(d) preserves the former Article 63, Vernon's Ann.P.C., 1925, known as the habitual criminal statute. See Practice Commentary, V.T.C.A., Penal Code, § 12.42.

Under said Article 63, it was well established that the statute was reformatory in nature and that the second conviction alleged to enhance the punishment under that statute must have been for a non-capital felony committed after the first conviction alleged for a non-capital felony. See *Wheat v. State,* 442 S.W.2d 363 (Tex.Cr. App.1969), and cases there cited.

In *Rogers v. State,* 168 Tex.Cr.App. 306, 325 S.W.2d 697 (1959), this court stated:

". . . [t]o invoke the provisions of Article 63 . . . it is necessary that each succeeding conviction be subsequent both in point of time of the commission of the offense and the conviction therefor. *Guilliams v. State,* 159 Tex.Cr.R. 81, 261 S.W.2d 598, and cases cited.

"The indictment must so allege and the averments of the indictment must be supported by proof. *Arbuckle v. State,* 132 Tex.Cr.R. 371, 105 S.W.2d 219, 221; *Armendariz v. State,* 163 Tex.Cr.R. 515, 294 S.W.2d 98, 99."

While V.T.C.A., Penal Code, § 12.42(d), makes no reference to and is not limited to non-capital felonies, the proof requirements of former Article 63 as described in *Rogers* were made more explicit in the language of the new statute.

In the instant case the State introduced pen packets from the Department of Corrections, including the judgments and

sentences in said Cause Nos. 8841 and 10,-471. None of these instruments reflect the date of the commission of the robbery which was the subject of the 1966 conviction in Cause No. 10,471.[1] The indictment in Cause No. 10,471 was not introduced. On cross-examination, it was elicited from the appellant that he was convicted on March 25, 1963 in Cause No. 8841[2] and served about eighteen months in the Department of Corrections and then later was tried and convicted of robbery in Cause No. 10,471. Here again no evidence of the date of the commission of the said robbery was established.

Since the record contains no evidence of the date of the commission of the robbery offense charged in Cause No. 10,471 and the statute of limitation for robbery was five years (Article 12.03, Vernon's Ann.C.C.P., 1965 [effective Jan. 1, 1966] or Article 179, Vernon's Ann.C.C.P., 1925), we cannot conclude that the 1966 conviction (Cause No. 10,471) was for an offense *committed* after the prior 1963 conviction had become final.

Although the error relates only to the punishment, the issue of punishment was before a jury in a bifurcated trial under Article 37.07, Vernon's Ann.C.C.P. Therefore, the appellant is entitled to a new trial. *Bray v. State,* 531 S.W.2d 633 (Tex.Cr.App. 1976); *Wiggins v. State,* 539 S.W.2d 142 (Tex.Cr.App.1976).

The judgment is reversed and the cause remanded.

---

1. The State asserts in its brief that the dates of the commission of both offenses are stated as findings in the judgments in Cause Nos. 8841 and 10,471. It is well settled that a recital in the judgment of conviction specifying the date of the offense constitutes sufficient evidence of that date for the purposes of said § 12.42. *Loud v. State,* 499 S.W.2d 295 (Tex.Cr.App. 1973); *Espinosa v. State,* 463 S.W.2d 8 (Tex.Cr. App.1971); *Von Burleson v. State,* 505 S.W.2d 553 (Tex.Cr.App.1974); *Green v. State,* 542 S.W.2d 416 (Tex.Cr.App.1976). We have examined the judgments, the sentences and all other instruments and find no recitals as contended by the State.

2. The pen packet reveals that appellant arrived at the Department of Corrections on April 12, 1963.