## DALTON IVY ARMSTRONG V. STATE

No. 32,478. November 30, 1960

*Marion G. Holt* and *A. L. Lowery,* Nacogdoches, for appellant.

*Leon Douglas,* State's Atorney, Austin, for the state.

WOODLEY, Judge.

The appeal is from a conviction for burglary; the punishment being enhanced under Art. 63 P.C. to life.

The indictment charged the offense of burglary of a private residence at night in one count, and ordinary burglary in an-

other. (These are separate and distinct offenses.) It then alleged "That prior to the commission of *the offense of nighttime burglary of a private residence*" appellant had been convicted of Robbery by Assault and prior to the commission of that offense had been convicted of Felony Theft.

It is obvious that the state alleged prior convictions to enhance the punishment under the count of the indictment charging burgary of a private residence at night, and that such previous convictions were not alleged to have been prior to the commission of the offense of burglary, and were not alleged for the purpose of enhancing the punishment for the offense of ordinary burglary.

The count of the indictment alleging burglary of a private residence at night was not submitted to the jury. The indictment gave no notice that enhancement was sought on the burglary count.

The case of Rogers v. State, 168 Tex. Cr. Rep. 306, 325 S.W. 2d 697, is controlling and requires reversal.

The judgment is reversed and the cause remanded.