Tommy Earl BOONE, Jr., Appellant,

v.

·The STATE of Texas, Appellee.

No. B14–81–035–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 23, 1981.

Robin A. Hartman, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and SAM ROBERTSON, JJ.

SAM ROBERTSON, Justice.

The prior opinion of this court filed on November 19, 1981 is withdrawn and the following is substituted therefor.

The jury rejected appellant's plea of not guilty to the offense of burglary of a habitation, found that he had previously been convicted of a felony as alleged, and assessed his punishment at confinement in the Texas Department of Corrections for a period of sixty (60) years. We affirm the trial court's judgment.

Appellant brings forward 20 grounds of error. In his eighteenth ground of error, he challenges the sufficiency of the evidence.

■ The evidence shows that on April 8, 1978, while Roy Shepherd, (the complainant) and his wife were out to dinner, someone broke into their home, ransacked it, and took various items of property, including a .38 caliber revolver, a slide projector, a coin collection, a home safe and a pair of binoculars. The evidence further shows that on the night of April 19, 1978, appellant went to the residence of Rebecca Ward and stated that he had "some things to sell" and for some pills, traded to her mother

(Sally Lawrence) the .38 caliber revolver identified by the complainant as being his pistol taken during the burglary. The witness Ward further testified that appellant told them that he had obtained the pistol in a burglary. In addition, she observed the appellant carrying a pair of binoculars around his neck and saw a small safe, a jewelry box and some coins inside appellant's car. She also testified that though she did not see it, the appellant stated he had a slide projector.

A search warrant for the mobile home in which appellant lived was executed and the projector taken from the complainant's home was recovered. Finally, the evidence shows that during the time the officers were conducting the search of appellant's trailer, appellant admitted to them that he had committed the burglary, knew what they were looking for and if they would agree not to file charges against him he would show them where additional property was located.

Viewing the evidence in the light most favorable to the jury verdict, as we are bound to do, we find the evidence amply sufficient to support the conviction and appellant's eighteenth ground of error is overruled.

■ In his first ground of error, appellant contends the trial court erred in denying his motion to set aside the indictment or to strike therefrom certain paragraphs. The indictment was in four paragraphs— one alleging burglary of a habitation, two paragraphs alleging theft, and the concluding paragraph alleged that "before the commission of the offense alleged above" appellant had been convicted of aggravated robbery. Prior to trial, the State elected to proceed on the allegation of burglary of a habitation in the first paragraph, and in the punishment phase of the trial, the jury found that the defendant had previously been convicted as alleged. Appellant's reliance upon *Armstrong v. State*, 170 Tex. Cr.R. 284, 340 S.W.2d 500 (1960) is misplaced as it has no application to the facts of this case. In *Armstrong*, two offenses were alleged but only one was enhanced.

Such is not the case here. Appellant's first ground of error is overruled.

■ By his second ground of error, appellant contends that the indictment is fundamentally defective for failure to allege that the habitation was not then open to the public. The Court of Criminal Appeals in *Garza v. State*, 522 S.W.2d 693 (Tex.Cr.App. 1975) has already ruled against appellant's contention, holding that it is not necessary to allege that a *habitation* was not then open to the public. Appellant's second ground of error is overruled.

■ In his third ground of error, appellant contends the indictment is fundamentally defective in that the paragraph alleging burglary did not aver a culpable mental state. The indictment alleged that the appellant entered the habitation "with intent to commit theft." In *Teniente v. State*, 533 S.W.2d 805 (Tex.Cr.App.1976), the Court of Criminal Appeals upheld an identical indictment against an identical attack. Appellant's third ground of error is overruled.

■ In his fourth ground of error, appellant contends that the trial court committed error when he permitted, over objection, the prosecutor in voir dire to inform the jury panel that the unexplained possession of recently stolen property is sufficient to raise a presumption or inference of guilt. The statements made by the prosecutor were in accordance with the law, *Hardage v. State*, 552 S.W.2d 837 (Tex.Cr.App.1977), and no error is presented. Appellant's fourth ground of error is overruled.

■ In his sixth ground of error, appellant contends the two search warrants were defective and that the pistol and slide projector recovered as a result of the search under the warrants were not admissible in evidence. Appellant has no standing to contest the search of the Ward residence where the pistol was located because he neither lived there nor was he present when the search was conducted. *Sullivan v. State*, 564 S.W.2d 698 (Tex.Cr.App.1977). The warrant for appellant's trailer house was obtained from the magistrate following

the execution of the search warrant on the Ward residence. Affiant to the affidavit for the search warrant for appellant's residence named Sally Lawrence, Becky Ward and Detective Earl Musick as the informants who had given the information upon which the affidavit was based. Appellant contends that since the affidavit contains no statement or affirmation that Sally Lawrence, Becky Ward and Detective Musick were reliable or that they had given information in the past, the affidavit was not a sufficient basis for a search warrant. In *Woods v. State,* 533 S.W.2d 16 (Tex.Cr. App.1976), the Court of Criminal Appeals cited with approval the 5th Circuit case of *United States v. Bell,* 457 F.2d 1231, to the effect that the requirements of *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), are met when the hearsay information in an affidavit is derived from named persons who supplied detailed information suggesting direct knowledge of the information which they have given. Appellant's sixth ground of error is overruled.

In his seventh ground of error, appellant contends that his statements to the searching officers that he had committed the burglary, and if they would not file charges against him he would show them where additional property was located were not admissible because appellant had not been warned in accordance with Tex.Code Crim.Pro.Ann. art. 38.22 (Vernon 1979). Contrary to appellant's contention, the searching officer steadfastly maintained that appellant had not been placed under arrest at the time the statements were made. The trial judge, after hearing the evidence on the issue in the absence of the jury (during which hearing appellant also testified), stated: "Well, the court had an opportunity to observe the demeanor of and attitude of the witness, including that of the defendant while testifying, and the court finds that the statements made by the—the alleged statements made by the defendant to Officer Musick as testified to by Officer Musick was unsolicited voluntary declaration by the defendant and the defendant's objection is overruled and such

statement will be admitted." Whether or not a person is under arrest is, in the final analysis, a question of fact to be determined upon the particular facts of the case. The evidence is certainly sufficient to sustain the trial court's finding in this regard. In this state of the record, the statements made by appellant were admissible as statements made while not under arrest. *Brown v. State,* 437 S.W.2d 828 (Tex.Cr.App.1968). Appellant's seventh ground of error is overruled.

By his thirteenth ground of error, appellant contends that the trial court erred in overruling his objection to a portion of the prosecutor's closing argument to the jury wherein the prosecutor stated "are you going to believe the decent, honest people who work for a living in this world, or are you going to believe the criminals who can come up here and lie right out." Appellant argues that reversible error was committed in referring to appellant and his family as "criminals." On the other hand, the state argues that reference to appellant and his family as criminals was a reasonable deduction from the evidence. In making this assertion, the state points to the fact that the record shows the stolen property was located in the trailer where appellant was arrested, that appellant's brother and sister-in-law testified that appellant did not live there but that they did, that marijuana was found during the execution of the search warrant at the trailer, and that appellant's brother Franklin, who testified as a witness, was a convict. While we do not put our stamp of approval on such argument, we hold that on the record before us, no reversible error is presented. Appellant's thirteenth ground of error is overruled.

In his seventeenth ground of error, appellant alleges jury misconduct. At the hearing on motion for new trial, appellant offered the affidavit of a juror, but the trial court refused to permit its introduction into evidence. Appellant took no further action to perfect his appellate record by bill of exception but contends, nevertheless, the matter is properly before us for review.

We disagree. In *Parker v. State*, 372 S.W.2d 320 (Tex.Cr.App.1963), a case in which the death penalty had been assessed, the appellate court was faced with a similar problem. There, affidavits of jurors were attached to both appellant's motion for new trial and the state's controverting answer. The Court of Criminal Appeals refused to consider the issue of jury misconduct because the affidavits did "not appear to have been introduced as evidence and may not be considered as evidence." Accordingly, the matter not being properly before us for review, appellant's seventeenth ground of error is overruled.

In his nineteenth point of error, appellant complains that the prosecutor failed timely to disclose to him exculpatory evidence which the prosecutor had in his possession. In making his argument, appellant complains that the prosecutor did not provide to him the written statement of Sally Lawrence. On original submission, we pointed out that the witness Sally Lawrence never testified and since her statement was not before this court nothing was presented for review. In his motion for rehearing, appellant asserts we were in error in failing to address his contention on the merits as Lawrence's statement is before this court both as State's Exhibit 17 and as a part of the state's file which the trial court directed would "be sent on appeal" if the judge did not "find anything . . . exculpatory, [and] the defendant is convicted and the case is appealed."

The record shows that the statement of Sally Lawrence was marked as State's Exhibit No. 17 and exhibited to a witness who was questioned about it and the following occurred:

> MR. HARTMAN (defense counsel): We would object to any further use of some statement that we haven't seen, and Sally Lawrence is not here.
> THE COURT: Sustain the objection.
> MR. JONES (prosecutor): We will tender it to the defense, Your Honor.

> MR. HARTMAN: We would object to any further use or questioning about it or introduction.
> THE COURT: Sustain the objection."

However, even though this was the end of the matter and the statement was never again alluded to or offered, a copy of the statement is attached to the record as an exhibit as if it had been received in evidence. The erroneous inclusion of a document does not make it a part of the record for review. As to appellant's contention that the exhibit is also before this court as a part of the sealed state's file, we point out that a copy of the state's file did not accompany the record on appeal.

The record before this court leaves much to be desired in several respects. We admonish counsel for both state and defense that they are responsible for the condition of the appellate record. A failure on the part of either or both to read and approve the record, or if it is not correct to have it properly corrected, complicates appellate review. However, even though the Sally Lawrence statement is not properly before us, we have determined to consider appellant's ground of error on its merits.

In *Ransonette v. State*, 550 S.W.2d 36 (Tex.Cr.App.1976), the Court of Criminal Appeals held there are three elements which must be established in a charge of suppression of evidence: (1) the evidence has been suppressed by the prosecution after a request by the defense; (2) the evidence is of a favorable character for the defense; and (3) the evidence is material. In the case before us there was no *suppression* since the Lawrence statement was tendered to defense counsel during trial as shown by the above quoted portion of the record.

Appellant contends that the sentence "He [appellant] also showed me a blue .38 revolver, and told me that it was not hot, that it belonged to Chaney"[1] was exculpatory. As we view it, this statement does not tend

---

1. Chaney was with appellant at the time the pistol was traded to the witness Lawrence for some pills.

to exonerate appellant. Further, *if* it were exculpatory and *if* Lawrence had appeared as a witness, she could not have testified to what appellant allegedly told her as it would clearly be hearsay. Finally, we fail to see the materiality of the evidence since it could not have affected the outcome of the trial. *Smith v. State,* 516 S.W.2d 415 (Tex.Cr.App.1974). Appellant has satisfied none of the three requirements above set out to show suppression of evidence. His nineteenth ground of error is overruled.

In his twentieth ground of error, appellant contends that the trial court erred in denying his requested jury instruction on circumstantial evidence. In view of our holding that the trial court properly admitted into evidence appellant's oral statement that he committed the burglary, the state did not rely for a conviction upon circumstantial evidence and denying his instruction in that regard was appropriate. Appellant's twentieth ground of error is overruled.

We have examined the other grounds of error advanced on appeal and find each and all of them to be without merit.

The judgment is affirmed and appellant's motion for rehearing is overruled.