Sidney Lee WALKER, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–82–0252–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 13, 1983.

Ronald G. Mock, Houston, for appellant.

James C. Brough, Asst. Dist. Atty., Houston, for appellee.

Before JACK SMITH, BASS and COHEN, JJ.

OPINION

COHEN, Justice.

The appellant was indicted for two counts of theft, both of which were third degree felonies occurring on December 5, 1981. The charges arose from a "pigeon dropping" transaction with count one alleging theft from one of the two victims and the second count alleging theft from the other. The indictment also alleged for enhancement purposes that the appellant had been twice convicted of felony offenses. The appellant pled not guilty on both counts and was convicted of theft as charged in the indictment on count two, but was found guilty only of the lesser included offense of

misdemeanor theft on count one. The punishment hearing was also before the jury upon appellant's plea of not true. The jury found both enhancement paragraphs to be true and set appellant's punishment at one year in jail and a $1,000 fine as to the misdemeanor conviction in count one. The court set the appellant's punishment at life imprisonment on count two.

The appellant's sole ground of error complains that the trial court erred by submitting the enhancement paragraphs to the jury in connection with count two of the indictment, since, according to the appellant, such enhancement paragraphs were applicable only to count one of the indictment. If this argument is correct, reversal of the life sentence imposed under count two would be required because the appropriate penalty range would be two to ten years and a fine not exceeding $5,000 under Penal Code § 12.34, rather than automatic life imprisonment under Penal Code § 12.-42(d).

The two enhancement paragraphs appear in the indictment immediately following count two (the felony conviction for which a life sentence was assessed), and state the following:

> Before the commission of the *offense* alleged above (hereafter styled the *primary offense*), on June 22, 1962, in cause no. 86685 in the Criminal District Court of Harris County, Texas, the defendant was convicted of the felony of unlawfully breaking and entering a coin operated machine. (emphasis supplied)

> Before the commission of the primary offense and after the conviction in cause no. 86685 was final, the defendant committed the felony of theft and was convicted on August 25, 1978, in cause no. 282,948 in the 177th District Court of Harris County, Texas.

The appellant's argument seems to be that because the word "offense" is used in the singular in the enhancement paragraphs, and because the term "primary offense" is used, the enhancement paragraphs apply only to the first count of the indict-

ment, and cannot be applied to the second count.

■ We reject the appellant's argument. The singular usage of the word "offense" includes the plural. Tex.Penal Code Ann. § 1.05(b) (Vernon 1974); Tex.Rev.Civ.Stat. Ann. art. 5429b–2 § 2.02(b) (Vernon 1982). We apply the rule that the singular includes the plural to the statute governing the appellant's sentencing in the case at bar, Penal Code § 12.42(d). It provides:

> If it be shown on the trial of any felony *offense* that the defendant has previously been convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life. (emphasis added)

■ It is also well established that two offenses may be joined in a single indictment, with each stated in a separate count, if, as in the instant case, the offenses arise out of the same criminal episode. In addition, a conviction may be used repeatedly for enhancement purposes. Tex.Code Crim. Pro.Ann. art. 21.24(a) (Vernon 1982); Tex. Penal Code Ann. § 12.46 (Vernon 1982). Construing these statutory provisions together in order to give meaning to each and to harmonize all, we hold that the reference to "primary offense" in the enhancement paragraphs refers not merely to count one of the indictment, but to all offenses for which the appellant was on trial at the guilt/innocence stage.

The cases relied upon by the appellant are distinguishable. In *Alvarez v. State,* 472 S.W.2d 762 (Tex.Cr.App.1972), *Armstrong v. State,* 340 S.W.2d 500 (Tex.Cr. App.1960), and *Rogers v. State,* 168 Tex. Cr.R. 306, 325 S.W.2d 697 (1959), the challenged enhancement paragraphs specifically referred to only one named count of the indictment. In the case at bar, they contained no such specific reference to count one of the indictment.

The appellant's ground of error is overruled.

The judgment is affirmed.