Joe Louis JIMENEZ, a/k/a Joe Lewis Jimenez, Appellant,

v.

STATE of Texas, Appellee.

No. 13–84–441–CR.

Court of Appeals of Texas, Corpus Christi.

Aug. 30, 1985.

Marisela Saldana, Corpus Christi, for appellant.

Thomas L. Bridges, Dist. Atty., Sinton, for appellee.

Before NYE, C.J., and DORSEY and BENAVIDES, JJ.

## OPINION

DORSEY, Justice.

Appellant was convicted of attempted indecency with a child and appeals the use of the enhancement allegation in the indictment, alleging that it was dismissed when count two of the indictment was dismissed. Appellant was indicted on two counts: indecency with a child by sexual conduct and attempted aggravated sexual assault; with an enhancement allegation based on a previous conviction of sexual abuse of a child. The second count, attempted aggravated sexual assault, was dismissed and a jury trial proceeded on the first count. Appellant was found guilty of the lesser included offense of attempted indecency with a child. At the punishment hearing to the court, appellant pled not true to the enhancement allegation, arguing that it had been dismissed with the attempted aggravated sexual assault count. The court found the enhancement allegation true and assessed punishment at 20 years' confinement in the Texas Department of Corrections and a $5,000 fine.

The first count, second count and enhancement allegation are set forth in separate paragraphs in the indictment. The enhancement paragraph reads as follows:

And further, that prior to the commission of the aforesaid offense by the said JOE LOUIS JIMENEZ, also known as, JOE LEWIS JIMENEZ, on the 2nd day of August, A.D. 1976, in Cause Number 4527 in the 36th Judicial District Court of San Patricio County, Texas, the defendant, JOE LOUIS JIMENEZ, also known as, JOE LEWIS JIMENEZ, was duly and legally convicted of the felony offense of Sexual Abuse of A Child and said conviction became final prior to the commission of the aforesaid offense;

Appellant argues that the reference to the "aforesaid offense" in the enhancement paragraph refers only to the single offense charged in count two, which appears immediately above the enhancement paragraph so that the dismissal of count two destroyed the predicate upon which the enhancement provision was based.

In *Walker v. State*, 661 S.W.2d 224 (Tex. App.—Houston [1st Dist.] 1983, no pet.), the appellant complained that the trial court erred in submitting the enhancement paragraphs to the jury in connection with count two of the indictment, arguing that they were applicable only to count one. The Court of Appeals held that the singular usage of the word "offense" includes the plural and that it referred to all offenses for which the appellant was on trial at the guilt/innocence stage of the trial. *Walker*, 661 S.W.2d at 225. *See* TEX.PENAL CODE ANN. § 1.05(b) (Vernon 1974); TEX.REV.CIV.STAT.ANN. art. 5429b–2 § 2.02(b) (Vernon Supp.1985). In the case at bar, we similarly hold that the use of the singular form of the word "offense" includes the plural. *Walker*, 661 S.W.2d at 225.

Appellant's reliance on *Armstrong v. State*, 340 S.W.2d 500 (Tex.Crim.App.1960), is misplaced. *Armstrong* can be distinguished since the enhancement allegation in that case specifically referred to only one of the named counts in the indictment by its reference to the "nighttime burglary of a private residence." In *Walker*, and in the case at bar, the enhancement paragraphs contain no specific reference to either count of the indictment, but refer generically to the "offense." The trial court did not err in applying the enhancement allegation to count one of the indictment. *Accord, Boone v. State*, 629 S.W.2d 786 (Tex.App.—Houston [14th Dist.] 1981, no pet.). Appellant's ground of error is overruled.

The judgment of the trial court is AFFIRMED.