

# NUMBER 13-20-00033-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF M.K.J., A MINOR CHILD

On appeal from the County Court at Law No. 1
of Brazos County, Texas.

## MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Silva**
**Memorandum Opinion by Justice Hinojosa**

This is an appeal from a judgment granting emancipation to a minor, M.K.J. By two issues, appellant Vojin Jovanovic contends the trial court erred when it: (1) denied his motion for new trial after the trial court granted his son's emancipation, and (2) denied his motion to reconsider the motion for new trial and supplement thereto based on newly discovered evidence. We reverse and remand.

## I. BACKGROUND[1]

Jovanovic is M.K.J.'s[2] father and Nicola Kluge is his mother. Jovanovic and Kluge divorced on November 8, 2007 in Montgomery County, Texas. The trial court signed a final decree of divorce on that day, as well as an order in a suit affecting the parent-child relationship (SAPCR). On November 7, 2011, the trial court signed a modification to the SAPCR awarding joint managing conservatorship of M.K.J. and his brother M.J. to both parents. The modification also stipulated that Kluge had the exclusive right to designate the primary residence of the children, limited to Harris County or Montgomery County. On March 9, 2018, the trial court entered yet another modification, expanding the standard possession order and granting Jovanovic additional visitation with his children. This modification also addressed the situation of having a minor who was a college student. On April 29, 2019, Jovanovic filed an additional "Petition to Modify Parent-Child Relationship." The trial court set the matter for trial for November 18, 2019.

On September 6, 2019, while a petition for modification was pending in Montgomery County, sixteen-year-old M.K.J. filed a "Petition for Removal of Disabilities of a Minor" in Brazos County, Texas. The petition provided that M.K.J. lived in Bryan, Brazos County, Texas, even though the SAPCR previously stipulated that M.K.J.'s residence should have been geographically restricted to Harris or Montgomery County.[3]

---

[1] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] To protect the identity of the minor, we refer to him by his initials. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(a).

[3] Last year, our sister court in Beaumont, the Texas Ninth Court of Appeals, issued *In re Kluge*, No. 09-20-00004-CV, 2020 WL 1173702, at *1 (Tex. App.—Beaumont Jan. 21, 2020, no pet.) (mem. op.). Kluge filed a petition for writ of habeas corpus when the Montgomery County trial court confined her in jail

The petition also set forth that M.K.J. had obtained an Associates of Science degree *summa cum laude* from Lone Star College and was now attending Texas A & M University on an academic scholarship. M.K.J. requested that "his disabilities as a minor be removed for general purposes," such as to obtain his own medical care in an emergency, make his own educational decisions, and to be able to sign contracts to secure housing and transportation. The court appointed an attorney *ad litem* to represent M.K.J. in accordance with § 31.004 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 31.004.

The trial court conducted a final hearing on the emancipation petition on October 10, 2019. During the hearing, M.K.J. testified that his father knew about the proceedings.

| | |
|---|---|
| ATTORNEY: | Okay. Where does [Jovanovic] live? |
| M.K.J: | He lives in The Woodlands on Misty Dawn. |
| ATTORNEY: | Okay. In the petition that we filed, did we correctly state his address? |
| M.K.J.: | Yes. |
| ATTORNEY: | Your father knows about this proceeding, does he not? |
| M.K.J.: | Yes, he does. |
| ATTORNEY: | And he approves of the proceeding? |
| M.K.J.: | Yes. |

Contrary to M.K.J.'s testimony, however, Jovanovic asserts in his appeal that he was not notified about this petition. The appointed attorney *ad litem* also testified at the hearing, but there is no indication that she ever contacted Jovanovic regarding the matter.

---

for 130 days for violating the SAPCR order by renting M.K.J. an apartment in Brazos County outside the geographic restriction. *Id.*

3

The trial court signed an order granting emancipation on October 14, 2019.

Jovanovic learned about the Brazos County proceedings and immediately filed a motion for new trial and a motion to set aside the judgment on October 22, 2019. In the motion for new trial, Jovanovic argued that he was "a necessary party to this suit, as a joint managing conservator of [M.K.J.]" and that he "was never served by citation, or otherwise, with any pleading filed in the County Court at Law Number One, Brazos County." He included other arguments, as well, contending that the evidence was legally and factually insufficient to show M.K.J. met the criteria of § 31.001 of the family code because: (1) M.K.J. was not a resident of Brazos County, Texas; (2) M.K.J. was not living separate from his parents; and (3) M.K.J. was not self-supporting or managing his own financial affairs. *See id.* § 31.001. The trial court denied both motions on October 24, 2019.

Jovanovic filed a request for findings of fact and conclusions of law on October 25, 2019. He later filed a motion to reconsider the motion for new trial on October 28, 2019. The motion to reconsider included a two-year timeline from March of 2017 to October of 2019, detailing over eighteen actions taken regarding the parties' SAPCR in the Montgomery County court. In this motion, Jovanovic argued the following:

> Nicola Kluge acted in concert with the child to effectively terminate the parental rights of Vojin Jovanovic without notice or hearing. If this Court does not grant a new trial in the interest of justice, a clear message is sent to all parents with custody orders in the great state of Texas with fifteen-year-old children: If you do not like the order of the court of continuing jurisdiction or the judge presiding over your case, (1) lease an apartment for the 15-year old child away from the county and court's jurisdiction, (2) secret the child away from the other parent and move him to that county in violation of your order, (3) wait until the child turns sixteen (in this case one month or less), (4) sign a verification that you are in agreement with the

4

child's emancipation, and (5) get an order removing the disabilities of minority of the child without ever informing the signing court of pending litigation in the court of continuing jurisdiction. All this can be done without ever letting the other parent know.

Jovanovic further elaborated his contention that M.K.J. did not meet the requirements of § 31.001. While acknowledging his son's academic gifts and achievements, Jovanovic maintained that his son was not self-supporting. Jovanovic pointed out that M.K.J.'s lease had been signed by Kluge, that M.K.J admitted during the emancipation hearing that he had no vehicle, that the removal of disabilities would leave M.K.J. without his parent's health insurance, and that M.K.J. testified that he worked ten hours per week at a job earning $22 per hour. In Jovanovic's supplement to his motion to reconsider, he revealed that M.K.J.'s employer, M3N Consulting, was a company created by Kluge that had the same company mailing address as Kluge's home address.

The trial court denied the motion to reconsider the motion for new trial on November 20, 2019. The trial court then issued findings of fact and conclusions of law supporting the order to remove disability on November 21, 2019, as follows.

I.
Findings of Fact

1.  [M.K.J.] is the Petitioner in this cause—19-002522-CV-CCL1, entitled In the Interest of [M.K.J.].

2.  [M.K.J.]'s date of birth is [. . .]; he was born in Lawrenceville, New Jersey.

3.  At the time the Petition was filed, [M.K.J.] lived at Camber Villas, 2888 Nash Street, Bryan, Brazos County, Texas 77802, under a lease that began on August 15, 2019 and ends on July 31, 2020 with a possible "opportunity to sign a renewal lease for the next year . . ."

4.  [M.K.J.] is a Texas resident.

5

5. On September 6, 2019, [M.K.J.] filed his Petition in his own name in this cause in Brazos County, Texas.

6. The mother of [M.K.J.] is Nicola Kluge who resides at 18 W. Lake Forest Ct., Conroe, Texas 77384.

7. The father of [M.K.J.] is Vojin Tomislav Jovanovic who resides at 103 N. Misty Dawn Dr., The Woodlands, Texas 77385.

8. [M.K.J.] lives approximately 75 miles from his parents.

9. At the time of filing his Petition, [M.K.J.] was at least 16 years of age and living apart from his parents.

10. [M.K.J.]'s mother, Nicola Kluge, verified the Petition that the minor filed.

11. On September 10, 2019, [M.K.J.]'s mother, Nicola Kluge, appeared in person at the hearing.

12. [M.K.J.] testified that his father, Vojin Tomislav Jovanovic, knew about this case and approved of it.

13. On August 18, 2019[,] [M.K.J.] earned an Associates of Science degree, summa cum laude, that Lone Star College conferred on him.

14. [M.K.J.] attends Texas A&M University as a third[-]year student on a Texas Aggie Scholarship and financial aid package worth $14,836.00 that the Scholarships & Financial Aid, Enrollment & Academic Services Department of Texas A&M University awarded to him for the school year of 2019–2020.

15. Texas A&M University estimated [M.K.J.]'s cost of attendance to be $28,300 per year.

16. [M.K.J.] works at M3N Consulting earning "about $22.00" per hour, working "about 20 hours a week."

17. No testimony or evidence was presented to the Court at final trial of Petitioner's financial savings.

18. [M.K.J.] testified he receives no financial assistance from his parents.

19. Credible evidence supports the finding that [M.K.J.] is self-supporting and manages his own financial affairs.

20. The Court appointed Ashley Falco to serve as the Attorney ad Litem to represent [M.K.J.]'s interests at the hearing.

21. [M.K.J.]'s purposes in seeking the removal of his disabilities as a minor included obtaining medical care, consenting to medical treatment, obtaining his own credit, entering into a contract or lease agreement and securing an internship as part of his degree plan.

22. Any finding of fact that is a conclusion of law shall be deemed a conclusion of law.

II.
Conclusions of Law

1. Ashley Falco was and is qualified pursuant to Chapter 107, Texas Family Code, to serve as attorney ad litem and to accept such appointments by the Court.

2. [M.K.J.] resides in Brazos County, Texas.

3. At the time of filing his Petition, [M.K.J.] was self-supporting and managed his own financial affairs.

4. [M.K.J.] was entitled to file the Petition for Removal of Disabilities of Minority in accordance with Section 31.001 of the Texas Family Code.

5. The removal of [M.K.J.]'s disabilities of minority is in his best interest.

6. The Court was and is authorized to remove the disabilities of the minor, [M.K.J.].

7. [M.K.J.] has met all prerequisites for removal of disabilities of a minor.

8. The Court removed the disabilities of minority of [M.K.J.] for general purposes.

9. All disabilities of the minor were and are removed, including any restrictions imposed by Chapter 32 of the Texas Family Code (consent to treatment of a child by non-parent or a child).

10. [M.K.J.] has the capacity of an adult, including the capacity to contract, limited only by specific constitutional and statutory age requirements.

11. Except as provided by federal law, all educational rights accorded to the parent of a student, including the right to make educational decisions under Section 151.001(a)(10), Texas Family Code, are conferred on [M.K.J.].

12. Any conclusion of law that is a finding of fact shall be deemed a finding of fact.

Jovanovic appeals.

## II.     MOTION FOR NEW TRIAL

By his first issue, Jovanovic contends the trial court erred by denying his motion for new trial where he was given no notice of his son's petition to remove the disabilities of a minor or notice of the final trial. Appellees, in response, claim that Jovanovic was not a party to the claim under chapter 31 of the family code and thus they did not have to give him notice by service or otherwise.

### A.     Standard of Review

Denial of a motion for new trial is reviewed for abuse of discretion. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). Applying the abuse of discretion standard, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *See Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004).

### B.     Applicable Law

Section 31.002(b) of the family code sets forth the requirements for a pleading to remove disabilities:

8

(a)   The petition for removal of disabilities of minority must state:

   (1)   the name, age, and place of residence of the petitioner;

   (2)   the name and place of residence of each living parent;

   (3)   the name and place of residence of the guardian of the person and the guardian of the estate, if any;

   (4)   the name and place of residence of the managing conservator, if any;

   (5)   the reasons why removal would be in the best interest of the minor; and

   (6)   the purposes for which removal is requested.

(b)   A parent of the petitioner must verify the petition, except that if a managing conservator or guardian of the person has been appointed, the petition must be verified by that person. If the person who is to verify the petition is unavailable or that person's whereabouts are unknown, the amicus attorney or attorney ad litem shall verify the petition.

TEX. FAM. CODE ANN. § 31.002(b).

## C.   Analysis

Focusing on section (b) of § 31.002, appellees contend that the petition was verified by "a parent" and "a managing conservator"—Kluge, M.K.J.'s mother. Accordingly, appellees contend they met the pleading requirements of this statute. They argue that "nothing in Chapter 31 establishes that both parents or managing conservators are necessary parties to a suit to remove the disabilities of a minor."

We disagree with appellees' interpretation of this statute. Statutory interpretation involves questions of law that we consider de novo. *Aleman v. Tex. Med. Bd.*, 573 S.W.3d 796, 802 (Tex. 2019) (citing *Cadena Com. USA Corp. v. Tex. Alcoholic Beverage*

9

*Comm'n*, 518 S.W.3d 318, 325 (Tex. 2017)). We generally "rely on the plain meaning of a statute's words" to discern legislative intent. *Id.* In evaluating the statute, we construe the words and phrases chosen by the Legislature in context rather than in isolation. *Id.* That is, "our objective is not to take definitions and mechanically tack them together," but to "consider the context and framework of the entire statute" and construe it as a whole. *Id.*; *see also Sharp v. House of Lloyd, Inc.,* 815 S.W.2d 245, 249 (Tex. 1991) ("where the application of the statute's plain language would lead to absurd consequences that the legislative body could not possibly have intended, we do not apply the statutory language literally.").

Here, Texas Family Code § 31.008(b) sets forth that "if a managing conservator . . . has been appointed, the petition must be verified by that person." TEX. FAM. CODE ANN. § 31.008(b). Jovanovic was a joint managing conservator of M.K.J. Under the plain meaning of the statute's words, M.K.J.'s petition should have been verified by both managing conservators—Jovanovic *and* Kluge. *See Aleman*, 573 S.W.3d at 802. Section 31.008(b) further provides that "if the person who is to verify the petition is unavailable or that person's whereabouts are unknown, the amicus attorney or attorney *ad litem* shall verify the petition." TEX. FAM. CODE ANN. § 31.008(b). There is nothing in the record to indicate that Jovanovic was "unavailable" to verify the petition. Further, M.K.J. knew his father's "whereabouts," as evidenced in his petition for removal of disability whereby he listed his father's current address. *See id*.

Appellees' focus on the singular, rather than the plural, of the phrase "joint managing conservator" in § 31.002(b) to assert that the non-verifying parent or managing

conservator "has no standing" in a petition for removal of disabilities is also misguided. We may look to the Code Construction Act to provide guidance in construing a statute. *See* TEX. GOV'T CODE ANN. §§ 311.001–.003. The Code Construction Act provides that, when the legislature enacts a statute, it is presumed:

    (1)    compliance with the constitutions of this state and the United States is intended;

    (2)    the entire statute is intended to be effective;

    (3)    a just and reasonable result is intended;

    (4)    a result feasible of execution is intended; and

    (5)    public interest is favored over any private interest.

*See* TEX. GOV'T CODE ANN. § 311.021; *see also Lee v. Mitchell*, 23 S.W.3d 209, 212 (Tex. App.—Dallas 2000, pet. denied). Section 311.012(b) of the Code Construction Act informs us that, in Texas statutory provisions, "the singular includes the plural and the plural includes the singular." *See* TEX. GOV'T CODE ANN. § 311.012(b). Accordingly, we construe § 31.002(b) as requiring the signatures of all joint managing conservators if they are available and their whereabouts are known. *See* TEX. FAM. CODE ANN. § 31.002(b); *see also Shell W. E & P, Inc. v. Pel-State Bulk Plant, LLC*, 509 S.W.3d 581, 589 (Tex. App.—San Antonio 2016, no pet.) (construing the word "contract" as "contracts" in § 56.006 of the property code); *Walker v. State*, 661 S.W.2d 224, 225 (Tex. App.—Houston [1st Dist.] 1983, no pet.) (holding that the singular usage of the word "offense" includes the plural in the Texas Penal Code § 12.42). Requiring all managing conservators to verify an emancipation suit if they are available and their whereabouts

11

are known is a "just and reasonable result" which honors "the public interest," given the overall framework of the Texas Family Code. *See* TEX. GOV'T CODE ANN. § 311.021.

This conclusion—giving parents or managing conservators notice in legal proceedings concerning their minor children—is also supported by Texas common law. "[P]arents' rights and obligations in relation to their child end upon the child's emancipation . . . ." *Husband v. Pierce*, 800 S.W.2d 661, 663 (Tex. App.—Tyler 1990, no writ) (citing *Ex parte Williams,* 420 S.W.2d 135, 137 (Tex. 1967)). And in a proceeding for termination of parental rights, due process requires, at a minimum, "notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *See In Re L.N.C.*, 573 S.W.3d 309, 322 (Tex. App.—Houston [14th Dist.] 2019, pet. denied); U.S. CONST. AMEND. 14, § 1; TEX. CONST. art. 1, § 19. Considering the context and the framework of the family code and construing it as a whole, we hold that the Texas Legislature did not intend for a parent with joint managing conservatorship to have no input or notice of when their minor child files a petition for removal of disabilities. *See Aleman*, 573 S.W.3d at 802; TEX. FAM. CODE ANN. § 31.008(b); *see also* TEX. FAM. CODE ANN. § 102.009 (providing a laundry list of all the persons who are entitled to service for suits affecting the parent-child relationship, including managing conservators).

In light of the foregoing, we hold that the trial court abused its discretion when it failed to grant a motion for new trial after being apprised that Jovanovic, a joint managing conservator, did not verify M.K.J.'s petition for removal of disabilities. *See* TEX. FAM. CODE ANN. § 31.008(b). We thus sustain Jovanovic's first issue. Because the resolution of this issue is dispositive, we need not address Jovanovic's second issue. *See* TEX. R. APP. P.

12

47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

### III.     CONCLUSION[4]

We reverse the trial court's judgment and remand for proceedings consistent with this opinion.

LETICIA HINOJOSA
Justice

Delivered and filed on the
29th day of April, 2021.

---

[4] Appellees filed a Joint Motion for Sanctions and Joint Motion to Dismiss for Want of Jurisdiction on February 2, 2020, and a Second Motion for Sanctions on September 2, 2020. We deny these motions.