**Tommy Lee DORA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 44212.

Court of Criminal Appeals of Texas.

Jan. 26, 1972.

Second Rehearing Denied March 8, 1972.

Edward A. Arianna, Dallas, (On Appeal Only), for appellant.

Henry Wade, Dist. Atty., John B. Tolle and Robert T. Baskett, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ON APPELLANT'S MOTION
FOR REHEARING

ODOM, Judge.

Our prior opinion is withdrawn and the following substituted in lieu thereof.

The offense is burglary; the punishment, enhanced under Article 63, Vernon's Ann.P.C., life.

Appellant urges that the enhancement provisions of the indictment in the instant case are fatally defective. To support this contention, he relies on Guilliams v. State, 159 Tex.Cr.R. 81, 261 S.W.2d 598, which was reversed because the enhancement provisions of the indictment were fatally defective; there appeared no allegation that the later conviction was for an offense committed subsequent to the earliest prior conviction alleged.

Article 63, supra, provides that:

"Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary."

This court has never required that only one form of indictment be utilized to allege prior convictions for enhancement purposes.

One form used is to allege the three felony offenses in chronological order, beginning with the primary offense in the first paragraph and ending with the earliest conviction in the third paragraph. This is the form suggested by Willson, Texas Criminal Forms, 7th Ed., Sec. 2333, and approved by this court. E. g., Hall v. State, 158 Tex.Cr.R. 243, 254 S.W.2d 523; White v. State, 157 Tex.Cr.R. 174, 247 S.W.2d 396.

A second form which has been utilized, and approved by this court, e. g. Woolsey v. State, 166 Tex.Cr.R. 447, 314 S.W.2d 298, and Handy v. State, 160 Tex.Cr.R. 258, 268 S.W.2d 182, begins by alleging the earliest conviction, then alleging the later conviction, and finally charging the accused with the current offense. This is the form suggested by 1 Branch's Ann.P.C.2d, Sec. 696.1.

A third form was before the court in Guilliams v. State, supra. Following this form, the primary offense is charged in the first paragraph, the earliest conviction is charged in the second paragraph, and the latest conviction is alleged in the third paragraph. This form has been approved by this court. E. g. Morgan v. State, Tex.Cr.App., 435 S.W.2d 862.

The rationale behind these decisions approving these different forms is that the order of pleading is unimportant so long as the requisite allegations appear in the indictment. White v. State, supra; Clifton v. State, 156 Tex.Cr.R. 655, 246 S.W.2d 201. While sequence of allegations is unimportant, it is necessary that each succeeding conviction "be subsequent * * * both in point of time of the commission of the offense and the conviction therefor." Guilliams v. State, supra, does not stand for the proposition urged by appellant in the instant case, that the sequential order of allegations must be the same as found in that case.

The indictment in the instant case follows the first form mentioned. The first paragraph of the indictment charges appellant with the commission of burglary on or about December 4, 1967. The second paragraph alleges that appellant was convicted for the offense of burglary on February 4, 1966, and that such conviction was final prior to the commission of the primary offense. The third paragraph alleges that prior to the commission of each of the aforesaid offenses, appellant was convicted for the offense of burglary on January 24, 1962, such conviction having become final prior to the commission of the offenses alleged in paragraphs one and two. These allegations are sufficient.

The judgment is affirmed.

## OPINION ON APPELLANT'S SECOND MOTION FOR REHEARING

In his second motion for rehearing appellant urges that this court on rehearing missed the thrust of his argument of fundamental error. He contends that he did not attack the sequence or order of the alleged prior convictions—the form of the indictment as the opinion on rehearing would indicate but that he attacked *what* the indictment alleged, not *where* those allegations were made on the face of the document.

As a result of the allegations, appellant contends the trial court erred in imposing a life sentence pursuant to Article 63, Vernon's Ann.P.C.

He contends that the second paragraph of the indictment alleged a prior burglary conviction in 1962 and that the third paragraph alleged a prior burglary conviction in 1966, and that it is in the third paragraph that the fatally defective language is found since it alleges that the 1966 offense occurred prior to the 1962 offense—a factual impossibility. In support of his contention, he attaches to his brief an uncertified copy of page two of the indictment containing paragraphs two and three thereof. The difficulty is that this supposed copy of the indictment upon which appellant relies does not comport with the in-

dictment found in the approved appellate record before us. The copy has reversed the order of paragraphs two and three of the indictment found in the record to which there were no objections prior to approval. The copy, reversing the order of the paragraphs, might well support appellant's contentions but we must rely upon the indictment found in approved record. When we do, it renders appellant's argument meaningless.

Appellant's second motion for rehearing is overruled.