

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-12-00201-CR

SONNY THOMAS GRIFFITH, Appellant

V.

STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 24645

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Sonny Thomas Griffith admitted the charge of possession with intent to deliver four or more grams, but less than 200 grams, of methamphetamine,[1] and pled "true" to the State's two enhancement allegations.[2] The trial court sentenced Griffith to forty-five years' incarceration. We affirm the trial court's judgment because (1) the claimed error was not preserved regarding the indictment's enhancement allegations, (2) there was no abuse of discretion regarding limitations on Griffith's cross-examination of Angela Rogers, and (3) the claimed error was not preserved regarding excluded opinion testimony from Griffith's mother.

*(1)     The Claimed Error Was Not Preserved Regarding the Indictment's Enhancement Allegations*

Griffith argues that the enhancement allegations in the indictment were non-sequential.[3] The indictment alleged that, before the commission of the charged offense of possession of methamphetamine with intent to deliver, Griffith had been convicted of failure to appear on October 25, 2000; "and, that before the commission of the offense or offenses for which the defendant was convicted as set out above, the defendant was finally convicted of the felony offense of Failure to Comply with Sex Offender Registration . . . on September 16, 2003." (Emphasis added.) Griffith argues that the "factual impossibility" of having been convicted in September 2003 before his 2000 conviction precludes consideration of the second enhancement allegation.

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West 2010).

[2]*See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2012).

[3]*See id.*

In support of his argument, Griffith posits that the charging instrument must state clearly that the earlier conviction became final before the second offense was committed. *See Dora v. State*, 477 S.W.2d 20 (Tex. Crim. App. 1972). Both the date of commission and the date of conviction must postdate the finality of the earlier conviction. *Id.* at 20 (quoting *Guilliams v. State*, 261 S.W.2d 598 (Tex. Crim. App. 1953)). Even if these cases might be used to undermine this charging instrument, they do not apply here.

If a defendant fails to object to a defect, error, or irregularity in an indictment before the trial on the merits begins, he or she cannot raise the problem on appeal. TEX. CONST. art. V, § 12; TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West 2005); *see also Studer v. State*, 799 S.W.2d 263, 271–72 (Tex. Crim. App. 1990). Additionally, it is not necessary to allege enhancement convictions with the same particularity necessary in charging the primary offense. *Freda v. State*, 704 S.W.2d 41, 42 (Tex. Crim. App. 1986). Indeed, enhancements need not be pled in the indictment. *Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997).[4] While we understand Griffith's complaint that the indictment seems to allege a temporal impossibility, the erroneous language in the charging instrument did not render the indictment void or deprive the trial court of jurisdiction. Most importantly, Griffith did not challenge the form of the indictment by pointing out the sequence allegations; he pled true to the enhancement allegations, as recited in the judgment. He also failed to object when the State presented judgments as exhibits to

_____

[4]If Griffith's argument were construed as a claim of variance between the indictment's allegation and the State's proof, such argument would fail. Variances between an enhancement allegation and the proof in regard to cause numbers, courts, and dates of conviction have all been held to be immaterial. *See Freda*, 704 S.W.2d at 42–43; *Thompson v. State*, 563 S.W.2d 247, 251 (Tex. Crim. App. 1978).

3

confirm Griffith's plea of true to the prior convictions alleged in the indictment.[5]  Absent any evidence to the contrary, Griffith's plea of true relieved the State of its burden to prove the enhancements,[6] although the State did provide judgments proving the prior convictions and the proper sequencing.  Griffith did not challenge the indictment or claim he received inadequate notice of the enhancement allegations and preserved no error for review.  The record establishes that the enhancement convictions were properly before the court and sufficiently proved.  We overrule this point of error.[7]

*(2)     There Was No Abuse of Discretion Regarding Limitations on Griffith's Cross-Examination of Angela Rogers*

Griffith complains that the trial court improperly limited Griffith's cross-examination of one of the State's witnesses, Angela Rogers.  Rogers testified that, in 2009, when she was dating Griffith, Griffith threw a cordless telephone at her and broke her nose.  On cross-examination, Rogers admitted that she had been convicted of the felony of tampering with a witness.  When

---

[5]The indictment correctly stated the prior convictions, one for failure to appear October 25, 2000, and one for failure to comply with sex-offender registration requirements September 16, 2003.  The offense dates for the failure-to-comply offenses were June 24 and July 6, 2002.  Faced with a record on the matter that says nothing to the contrary, we presume the enhancing convictions were final.  *Fletcher v. State*, 214 S.W.3d 5, 8 (Tex. Crim. App. 2007).

[6]*See Ex parte Rich*, 194 S.W.3d 508, 513 (Tex. Crim. App. 2006).

[7]At least one court of appeals has held that the dates and sequence of the enhancement allegations need not be alleged in the indictment.  *Derichsweiler v. State*, 359 S.W.3d 342, 349–50 (Tex. App.—Fort Worth, pet. ref'd) (relying on *Gollihar v. State*, 46 S.W.3d 243, 256 (Tex. Crim. App. 2001), and its application of hypothetically correct jury charge).  The indictment in *Derichsweiler* alleged a prior conviction in October 2003 and then alleged that a second–felony conviction, in October 1998, occurred *after* the 2003 conviction was final—the same kind of temporal impossibility found in Griffith's indictment.  *Derichsweiler*, 359 S.W.3d at 348.  The Fort Worth Court of Appeals found the "indictment's nonsequitur allegation" that the 2003 conviction was final before the 1998 conviction was immaterial; the State did not have to allege the sequence of the enhancement allegations; and the indictment gave the defendant sufficient notice to prepare for trial.  *Id*. at 350; *see also Williams v. State*, 356 S.W.3d 508, 516–17 (Tex. App.—Texarkana 2011, pet. ref'd) (analyzing discrepancy in dates of Tennessee convictions used for enhancement under hypothetically correct jury charge and finding any variance immaterial).

Griffith's attorney asked Rogers about the circumstances surrounding that offense, the State objected on the basis of relevancy, and the trial court sustained the objection.

We are to review a trial court's decision to limit cross-examination under an abuse-of-discretion standard. *See Hammer v. State*, 296 S.W.3d 555, 561 (Tex. Crim. App. 2009); *Baldez v. State*, 386 S.W.3d 324, 327 (Tex. App.—San Antonio 2012, no pet.). Trial courts have "broad discretion to impose reasonable limits on cross examination to avoid, inter alia, harassment, prejudice, confusion of the issues, endangering the witness, and the injection of cumulative or collateral evidence." *Lagrone v. State*, 942 S.W.2d 602, 613 (Tex. Crim. App. 1997).

We can see no abuse of discretion in the trial court's keeping Griffith from cross-examining Rogers about the circumstances of the crime that resulted in her being placed on community supervision. Beyond the fact that a witness has been convicted of a crime, the details of the offense are not admissible. *Mays v. State*, 726 S.W.2d 937, 953 (Tex. Crim. App. 1986); *Jabari v. State*, 273 S.W.3d 745, 753 (Tex. App.—Houston [1st Dist.] 2008, no pet.). While Griffith was permitted to establish that the witness had been convicted of a felony offense, he could not inquire as to the circumstances surrounding the offense. *See* TEX. R. EVID. 609(a). We cannot say the trial court abused its discretion in precluding Griffith from pursuing inadmissible evidence. This contention is overruled.[8]

---

[8]We question whether this issue was preserved, because Griffith made no offer of proof as to what testimony Rogers would provide if Griffith were allowed to inquire into the circumstances around her conviction. Where a defendant cross-examines a State witness and would elicit subject matters tending to impeach the "witness's character for truthfulness -- for example, to show malice, ill-feeling, ill-will, bias, prejudice or animus . . . toward the defendant," the defendant must make some showing "he desired to examine the witness with regard to those specific subject matters that tend to impeach the witness during his cross-examination." *Holmes v. State*, 323 S.W.3d 163, 170 (Tex. Crim. App. 2009). Further, Griffith made no mention of a claim of bias or ill motive when the trial court sustained the State's objection. However, because Griffith did receive an adverse ruling, we review the merits of this claim.

5

In connection with the limitation of Rogers' testimony, Griffith argues also that the limitation violated his right to confront her.[9]  As mentioned above, such a claim is lost if not properly preserved.  Even the constitutional right of confrontation is subject to waiver.  *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 314 n.3 (2009); *Holland v. State*, 802 S.W.2d 696, 700 (Tex. Crim. App. 1991).  Because Griffith made no objection suggesting it was based on his Confrontation Clause rights, he has not preserved that complaint for this Court's review.

*(3)     The Claimed Error Was Not Preserved Regarding Excluded Opinion Testimony from Griffith's Mother*

Griffith called his mother to the stand and asked, "[W]atching [Griffith] grow up in his early life up until the time he moved out of your home, as his mother what's your judgment about why he kept getting into trouble?  What was going on?"  The State objected that the question called for speculation.  Griffith's response to the State's objection was, "Your Honor, it's mother's judgment; it's not speculation."  The trial court sustained the State's objection.  In his appellate brief, Griffith argues that the mother's answer would have been admissible as lay opinion testimony.

As the State asserts, Griffith's argument at trial, urging admission of the witness' testimony as a "mother's judgment," does not comport with his appellate argument that her opinion testimony would have been admissible lay opinion testimony.  To preserve error for appeal, a defendant must (1) object, (2) state the grounds with sufficient specificity, and (3) obtain an adverse ruling.  TEX. R. APP. P. 33.1; *Wilson v. State*, 71 S.W.3d 346, 349 (Tex.

---

[9]*See* U.S. CONST. amend. VI.

6

Crim. App. 2002). The point of error on appeal must correspond to the objection made at trial. *Id.* Even if the trial objection could be said to correspond with the appellate point of error, a party offering evidence has the burden to establish admissibility and, when the theory of admissibility is not presented to the trial court, the argument is not preserved for appellate review. *Johnson v. State*, 963 S.W.2d 140, 142 (Tex. App.—Texarkana 1998, pet. ref'd). Griffith's statement to the trial court, claiming only that the witness' testimony was admissible as a mother's judgment, is not a proper legal theory of admissibility.[10]

Even if Griffith preserved this claim, a trial court has wide discretion in deciding the admissibility of evidence presented at the punishment phase of trial, and we review a trial court's exclusion of evidence under an abuse of discretion standard of review. *Lamb v. State*, 186 S.W.3d 136, 141 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *see also Ford v. State*, 919 S.W.2d 107, 114 (Tex. Crim. App. 1996) (capital trial). Since Griffith offered no substantive legal theory of admissibility, we cannot say the trial court abused its discretion in sustaining the State's objection. This point of error is overruled.

---

[10]In his brief, Griffith claims he was

> attempting to offer an interpretation of his background to explain his actions. Such evidence was relevant to the court's determination of a possible sentence. . . . As set forth in the previous point, the majority of Appellant's criminal history involved sexual activity occurring when he was a teenager and the failure to register as a sex offender . . . . He had no convictions for any crimes involving violence . . . .

He offered none of these explanations or arguments to the trial court.

7

We affirm the trial court's judgment and sentence.



Josh R. Morriss, III
Chief Justice

Date Submitted:     July 3, 2013
Date Decided:     July 19, 2013

Do Not Publish