RE: 10CR1217-83-1
(10CR1217-83-2)
10CR1217-83-3
10CR1217-83-4
10CR1217-83-5
10CR1217-83-6
10CR1217-83-7

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUN 16 2015
Abel Acosta, Clerk
This document contains some
pages that are of poor quality
at the time of imaging.

PP 5 - 08, 16, 18, 19,

June 10, 2015

To CHief Justice Hon. Sharon Keller
And EnbaNC Court.

My ART. 11.07 (1) WAS NEVER SUBMIT-
TED TO THIS COURT 10-26-10 PRIOR TO
VOID/ UNLAWFUL CONVICTION AND THIS
COURT HAS (ARBITRARILY) DENIED MY
REQUESTS (PLEADINGS) TO HAVE 10CR12-
17-83-1 TRANSCRIBED.

THIS COURT, 'LAW CLERKS,' STAFF/
GENERAL COUNSELs COULD NOT
HAVE HONESTLY REVIEW MY 11.07s
AND EXHIBITs BECAUSE I WOULD
NOT STILL BE HELD AGAINST

1

MY WILL AND LIBERTY IN VIOLATION OF TEXAS/ UNITED STATES CONSTITUTIONS.

THIS COURT OR TRIAL COURT COULD/ CAN NOT STATE THAT I ABUSED THE WRIT/THE PROCESS.

IT'S BASICALLY THE OTHER WAY AROUND TO AVOID HOLD -ING THAT THE GALVESTON COUNTY D.A'S OFFICE/ STAFF/ TRIAL/ APPEAL COURT ERRORS EXHIBIT A/ NEVER APPLIED AND REVIEWED Id. WRITS ON THE MERITS

C/C ET AL IN GOODFAITH

T.R.E. 201 JUDICIAL NOTICE REQUEST RE: LOCR1217-83-1 NEVER SENT/RULED ON, (LOCR1217-83-2), LOCR1217-83-3, LOCR1217-83-4, LOCR1217-83-5, LOCR1217-83-6, LOCR1217-83-7

Ex parte Tommy Lee DORA
COURT OF CRIMINAL APPEALS OF TEXAS
548 S.W.2d 392; 1977 Tex. Crim. App. LEXIS 1217
No. 3802
February 16, 1977

**Counsel** Arthur R. Howard, Lubbock, for appellant.
Alton R. Griffin, Dist.Atty., and John Terrell, Asst.Dist.Atty., Lubbock, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

**Judges:** Roberts, Judge.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Petitioner challenged the decision of the District Court of Lubbock County (Texas), which denied his second application for writ of habeas corpus because no new issues were raised.Application for writ of habeas corpus was dismissed with prejudice because petitioner had made no effort to allege any new issues that had not been raised in a previous application.

**OVERVIEW:** Petitioner was convicted of robbery and given an enhanced sentence based on a prior conviction. Petitioner's application for a writ of habeas corpus regarding the validity of the prior conviction was denied because it raised no new grounds and raised the same questions that were raised in a previous application. Petitioner sought review and the court affirmed. The court found that petitioner made no effort to allege that the instant allegations were not ones that had been raised, or could have been raised, in any earlier proceeding. The court dismissed the application with prejudice because petitioner had not attempted to make a showing of good cause for allowing a re-filing of the application.

**OUTCOME:** The court dismissed petitioner's second application for writ of habeas corpus with prejudice. The court agreed with the trial court that no new issues were raised which warranted further consideration.

**LexisNexis Headnotes**

*Criminal Law & Procedure > Habeas Corpus > Review > Standards of Review > General Overview*

Where a petitioner has been previously cited for an abuse of the writ of habeas corpus, the trial court should not thereafter consider the merits of any application for writ of habeas corpus filed by that petitioner. The trial court should, however, review the application and make findings that this petitioner has abused the writ in the past, thus making the review procedure of the appeals court more efficient.

**Opinion**

**Opinion by:** ROBERTS

3txcases 1

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Opinion

{548 S.W.2d 393} This is an application for writ of habeas corpus which was submitted to this Court by the trial court, pursuant to the provisions of Art. 11.07, V.A.C.C.P.

Petitioner was convicted for the offense of burglary, enhanced under Art. 63, V.A.P.C., in the Criminal District Court of Dallas County and assessed the mandatory life sentence in the penitentiary on December 4, 1970. Petitioner's direct appeal from this Dallas conviction was affirmed. See Dora v. State, 477 S.W.2d 20 (Tex.Cr.App. 1972).

Petitioner filed an application for writ of habeas corpus in the District Court of Lubbock County, complaining of the validity of a 1962 Lubbock County conviction for burglary, which was subsequently used for enhancement in the above-mentioned Dallas County case. The trial court denied the application for writ of habeas corpus, finding that this application for writ of habeas corpus relief "raises no new grounds and raises the same questions raised in the first application for writ of habeas corpus" which was previously denied on February 7, 1974.

From a review of petitioner's writ filed in this Court, it is to be noted that this Court entered a per curiam order on July 8, 1975, in which we held:

"Under the circumstances presented in this case, we are of the opinion that petitioner has abused the habeas corpus process by continually raising the same claims, over and over again, in his postconviction writs. We hold that petitioner's contention has thus been waived and abandoned by his abuse of the writ of habeas corpus. See Ex parte Carr, 511 S.W.2d 623 [523] (Tex.Cr.App. 1974), and Sanders v. United States, 373 U.S. 1, 83 S. Ct. 1068 [10 L. Ed. 2d 148] (1963), and cases cited therein."Therefore, in view of this holding, we hereby refuse to accept or file petitioner's {548 S.W.2d 394} instant application for writ of habeas corpus, and the clerk of this Court is hereby ordered not to accept in the future any post-conviction application for writ of habeas corpus from this petitioner until it is first shown that such contention was not one that has been raised, or could have been raised, in any earlier proceeding. Until such showing is made, petitioner's contention is not entitled to consideration." (Emphasis supplied)

In the instant case, the trial court has found that "no new issues" were raised which warranted further consideration of this second petition. We agree. Petitioner has made no effort to allege that the instant allegations were not ones that had been raised, or could have been raised, in any earlier proceeding. Absent such a showing of good cause for permitting the filing of such application, we decline to file this application, or consider the merits of same.

Pursuant to the provisions of Art. 11.07, V.A.C.C.P., all post-conviction applications for writ of habeas corpus must be filed with the trial court. See Ex parte Young, 418 S.W.2d 824 (Tex.Cr.App. 1967). Furthermore, all post-conviction applications for writ of habeas corpus are automatically reviewable, after the trial court enters its order in the case, pursuant to the provisions of Art. 11.07, supra. Ex parte Mayes, 538 S.W.2d 637 (Tex.Cr.App. 1976). In cases where this Court has declared that the petitioner has abused the writ of habeas corpus process, certain changes in the trial court's responsibility under Art. 11.07, supra, are required. Thus, we shall explain to the members of the bench and bar the applicability of the new procedures in such situations.

Where a petitioner has been previously cited for an "abuse of the Great Writ," the trial court should not thereafter consider the merits of any application for writ of habeas corpus filed by that petitioner. The trial court should, however, review the application and make findings that this petitioner has abused

3txcases 2

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

the writ in the past, thus making the review procedure of this Court more efficient. The transcript should be forwarded to this Court, just as in all other cases, pursuant to our automatic review jurisdiction. See Art. 11.07, Sec. 2(a), supra. The writ transcript should, of course, be forwarded to this Court within fifteen days of the trial court's order. See Art. 11.07, Sec. 2(c), supra.

Upon receipt of the writ transcript from the trial court, this Court shall review the petitioner's allegations of "good cause" for allowing a re-filing of the application, and if petitioner has "stated facts, which, if true, would entitle him to relief," then this Court will order the petition filed and considered on the merits.

If factual issues are raised in the application on the issue of whether "good cause" is shown for allowing re-filing, such factual issues requiring an evidentiary hearing, then the case shall be remanded to the trial court for a hearing, as the Texas Court of Criminal Appeals is not a fact-finding agency. See Art. 11.07, Sec. 2(a), supra; *Welch v. Beto*, 400 F.2d 582 (5th Cir. 1968).

If, however, the petitioner has not stated sufficient "good cause" for allowing a re-filing of the petition, or if the factual allegations concerning good cause are clearly without merit upon their face, then the petition shall not be filed or considered henceforth by this Court. 1

In the case at bar, the petitioner, not having attempted to make a showing of "good cause" for allowing a re-filing of this application, the application is ordered dismissed with prejudice. No further applications will be entertained.

### Footnotes

1

The writ application transcript itself will be kept on file as part of the permanent business records of this Court!

3txcases                                                3

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

C/C 52254 (F.R.E. 201
JUDICIAL NOTICE, G-14-376
G-15-127, G-15-128, ETAL
FOR REVIEW